<u>CIVIL ACTION NO. 1:16-cv-01314</u>

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| TYPEMOCK, LTD., | § | Civil Action No.: _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | PATENT CASE |
| TELERIK INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Typemock, Ltd., as and for its complaint against defendant, Telerik Inc. for infringement of U.S. Patent Nos. 8,352,923 (the "'923 patent") and 9,251,041 (the "'041 patent"), alleges as follows:

## THE PARTIES

1.     Plaintiff Typemock Ltd. ("Typemock") is a company organized under the laws of the Israel having a principal place of business at 36 Sirkin Street, Tel Aviv, Israel 6356240.

2.     Upon information and belief, Telerik Inc. ("Telerik") is a Delaware corporation with a place of business at 221 W. 6th Street, Suite 850, Austin, Texas 78701. Telerik may be served with process through its registered agent,

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service

Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

3.      Typemock brings this action for patent infringement under the patent

laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter

jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

4.      This Court has personal jurisdiction over Telerik under the laws of the

State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM.

CODE §17.042, in that: (i) Telerik has established minimum contacts with the

forum state of Texas; (ii) Telerik maintains corporate offices in Texas; (iii)

Typemock's claims against Telerik in this Complaint arise from or are connected

with acts purposefully committed by Telerik in Texas; (iv) Telerik has conducted

and continues to conduct business within the State of Texas, directly or through

intermediaries or agents; and (v) in such business, Telerik develops, maintains,

offers for sale, sells, or advertises products or services, or uses or induces others to

use products or services in Texas, including without limitation Telerik's

JustMock™ product, that infringe Typemock's patents as alleged herein.

5.      Venue is proper in this judicial district on a number of bases, pursuant

to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b). The allegations of Par. 4 are all

applicable to acts of Telerik which took place in this District. With respect to §

1400(b), Telerik resides, has committed acts of infringement, and has a regular and established place of business in this District. With respect to § 1391(b), (c), and (d), Telerik is the sole defendant herein and resides in this District; a substantial part of the events giving rise to the claim occurred in this District; and Telerik is deemed to reside in this District by reason of its substantial contacts as alleged in Par. 4.

## TELERIK'S COPYING OF TYPEMOCK ISOLATOR

6.      Typemock is in the business of developing, marketing, and licensing a line of software unit testing products, led by Typemock's flagship product, Typemock Isolator™, which major software developers and corporate software development groups around the world use to test mission-critical application software under development. Typemock Isolator implements advanced functionality for "unit testing" – testing individual software components of complex, multi-component software assemblies. To perform such testing, Typemock Isolator employs various techniques, which have been patented by Typemock under the patents identified herein, for isolating the software unit under test from the other software components in the assembly, while "faking" the behavior of the other components, in order to provide a realistic test environment for the unit under test. In that way, the full functionality of the unit under test can

be exercised and tested, without disturbing or triggering the other software components in the assembly or in external systems.

7.      On information and belief, Telerik develops, manufactures, licenses, supports and sells software tools for web, mobile, and desktop application development, as well as tools and subscription services for cross-platform application development. Among Telerik's products is JustMock, which purports to provide a "fast, flexible, fully featured mocking framework." Typemock is informed and believes that JustMock was in fact developed by copying from Typemock Isolator and infringes Typemock's patents. Telerik offers the copied and infringing JustMock product as a lower-priced competitor to Typemock Isolator and its presence on the market has been extremely harmful to Typemock's business.

8.      Unit testing is of great importance in software development for numerous reasons, including quality assurance and improving the user experience. In addition, unit testing also has a major security role, in that security vulnerabilities regularly result from bugs that permit malicious users and code to exert control over systems in ways not intended by their developers. Unit testing provides an important mechanism for detecting and remediating such bugs.

9.      Telerik became a licensed user of Typemock Isolator on or about September 10, 2008, and in connection therewith agreed to Typemock's End User

License Agreement ("EULA"). From such time, to at least November 2011, when Telerik purported to terminate the EULA, Telerik had access to Typemock's products and functionality. Telerik therefore possessed software code for Typemock Isolator and was able to observe how Typemock Isolator functioned.

10.     On information and belief, at least as early as 2010, Telerik released one or more versions of JustMock, seeking to replicate the functionality of Typemock Isolator.

11.     On information and belief, in developing JustMock, Telerik copied code from Typemock Isolator. While copying the Typemock code to create JustMock, Telerik also incorporated into JustMock a specific bug in the Typemock code – a mistake in the code that serves as a fingerprint of the program from which it was taken. The presence of such a "common error" is among the strongest evidence of piracy, giving rise in and of itself to at least a *prima facie* case of copying.

12.     Added to the foregoing evidence of copying is the fact that JustMock also copied Application Programming Interface (API) elements from Typemock Isolator. In replicating the patented functionality of Typemock Isolator, Telerik adopted an API for JustMock that reflects a complete 1:1 correspondence with Typemock Isolator's API for mocking dependent objects. For example:

```
Typemock:  Isolate.WhenCalled(() => DateTime.Now).WillReturn(new DateTime(1900, 4, 12));
JustMock:   Mock.Arrange(() => DateTime.Now).Returns(new DateTime(1900, 4, 12));
```

Telerik's implementation of this API changes only the names arbitrarily given to class and method components, but otherwise is formally identical to Typemock Isolator's API. This direct correspondence of APIs, in addition to the above-mentioned coincidence of a unique bug in both the Typemock Isolator and JustMock products, reflects willful and deliberate copying of by Telerik of the Typemock Isolator code and of its underlying software implementation, also resulting in patent infringement. In addition to the present claims for patent infringement, Typemock reserves the right to assert claims for copyright infringement if so warranted after a review of the source code for JustMock and related evidence.

13.    On information and belief, Telerik has long been aware of Typemock's pending and issued U.S. patents on unit testing. Typemock has evidence that in February 2010, representatives of Telerik, after Telerik had copied Typemock Isolater, visited the Typemock web page where Typemock's published U.S. patent application was then being discussed, whereby Typemock became aware (if it was not already aware) of Typemock's pending U.S. patent application.

14.    On November 4, 2016 Typemock sent Telerik a letter (the "Demand Letter") specifically giving written notice to Telerik concerning Typemock's patents as identified herein, setting out the facts of Telerik's patent infringement

and copying substantially as set forth herein, and demanding that Telerik cease and desist its infringement of Typemock's patents and that it compensate Typemock for past infringement. Telerik acknowledged its receipt of the Demand Letter but has refused to discontinue its infringement, has not offered any compensation to Typemock for past infringement, and has not been willing to meet with Typemock's counsel to review claim charts for the alleged infringement.

15.     Telerik has had pre-litigation notice of Typemock's patents, and of substantially all of the matters asserted herein. In addition to the pre-litigation facts alleged above, Telerik has had the Demand Letter since November 4, 2016, which specifically raises the issued '923 and '041 Patents and provides written notice of how Telerik directly and indirectly infringes those patents. The earliest date by which Typemock had or should be deemed to have had notice of one or more of Typemock's U.S. patents asserted herein and of its direct and indirect infringement thereof is referred to as the "Notice Date." Typemock reserves the right to discover Telerik's internal correspondence and email further evidencing Telerik's use of Typemock Isolator to aid in development of JustMock and its awareness of Typemock's patent applications and issued patents.

## COUNT I

## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,352,923)

16.     Typemock realleges and incorporates paragraphs 1-15 above by reference.

17.     Typemock is the owner, by assignment, of U.S. Patent No. 8,352,923 ("the '923 patent"), entitled Method and System for Isolating Software Components, which issued on January 8, 2013.

18.     Telerik provides documentation for its JustMock product, on a web site that has been operational at all times since the '923 and '041 Patents issued, which describes the functionality of the JustMock product. Source: http://www.telerik.com/products/mocking.aspx.

19.     According to the above-referenced Telerik documentation, "JustMock integrates seamlessly with your favorite unit testing framework and makes unit testing and mocking easy and fast. By removing dependencies, JustMock lets you focus on the logic you want to verify or assert. With JustMock you can cover more code with unit testing, faster."

20.     The Telerik documentation further states that "JustMock provides for unrestricted mocking of dependent objects, including non-virtual methods, sealed classes, static methods and classes, as well as non-public members and types. Mocking of properties like get calls, indexers and set operations is also supported.

JustMock also supports mocking of all classes and methods included in the

MSCorlib assembly," and provides the following illustration:



21.    The Telerik documentation goes on to give the following code

example:

```
[TestMethod]
public void ShouldMockDateTimeNowWithASimpleArrange()
{
    // Arrange
    Mock.Arrange(()=>DateTime.Now).Returns(new DateTime(2000, 2,

    // Act
    var actual = DateTime.Now;

    // Assert
    Assert.AreEqual(2000, actual.Year);
    Assert.AreEqual(2, actual.Month);
    Assert.AreEqual(20, actual.Day);
}
```

Source: http://www.telerik.com/products/mocking.aspx#elevated-mocking.

22.    The foregoing JustMock example code exhibits the imposition of a

fake behavior, replacing the expected behavior of returning the actual date with a

specific mock date, in this example Feb. 20, 2000, which behavior would be

imposed upon code to test it at run time, as in claims 1, 18, 30, and 50 of the '923 Patent and their dependents. Indeed, the "Arrange" and "Returns()" functions employed by JustMock to implement the claimed functionality are direct ripoffs of Typemock Isolator's API. JustMock's Returns() function introduces, prior to execution, code elements for runtime access of application points associated with the software component under test. JustMock introduces such elements at runtime through a profiler API, by changing the original code before just-in-time compilation and injecting alternate code into the original code on-the-fly. The above code example also reflects removing or replacing the behavior of at least partially isolated software components without dependency injection (*e.g.*, as in claim 30 of the '923 Patent). Furthermore, the "Arrange" method reflected in the above code supports behaviors in addition to "Returns()," such as "CallOriginal(); DoInstead()", etc., allowing original component behavior to be removed or replaced as claimed in the '923 and '041 Patents. JustMock also provides techniques such as "Sequential Mocking" to set up different expectations for successive calls of the same type, as referenced, for example, in claim 18 of the '923 Patent and its dependents.

23.    The foregoing documented features of Telerik's JustMock product reflect infringement of at least claims 1-5, 8-13, 16-20, 30, 50, and 52 of the '923 patent, by making, using, offering for sale, selling, and importing Typemock's

patented inventions without Typemock's authorization, in the United States, during the term of the Typemock patents asserted herein, and actively inducing and contributing to such infringement by others.

24.     On information and belief, Telerik uses its own JustMock product to assist Telerik in developing its own software code for various uses ("Internal Use"). Telerik has and continues to directly infringe claims 1-5, 8-13, 16-20, and 30 the '923 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, through its Internal Use, whereby Telerik combines the processor and memory elements as recited in said claims with the code elements as recited therein, so as to complete the assembly of the systems recited in said claims.

25.     Telerik further has and continues to directly infringe claims 1-5, 8-13, 16-20, and 30 the '923 patent, literally and/or under the doctrine of equivalents, through its Internal Use, by "using" the systems recited in said claims, whereby Telerik asserts control over the systems it has assembled to perform unit testing on its own software under development, and puts the systems so assembled into service, in performing such unit testing.

26.     Telerik further has and continues to directly infringe claims 50 and 52 of the '923 patent, literally and/or under the doctrine of equivalents, through its Internal Use, by practicing each and every method step recited in said claims.

11

27.    Telerik may have infringed or continue to infringe the '923 patent, literally and/or under the doctrine of equivalents, through other software utilizing the same or reasonably similar functionality, including without limitation other versions of JustMock. Typemock reserves the right to discover and pursue claims of infringement regarding all such additional infringing software. For the avoidance of doubt, JustMock in particular has been identified for exemplary purposes and in no way limits the discovery and infringement allegations against Telerik concerning other hardware/software that incorporates the same or reasonably similar infringing functionality.

28.    The infringing JustMock product competes with Typemock's software and has caused and continues to cause Typemock to lose sales and profits due to this infringement. Typemock is entitled to past and continuing damages for Typemock's direct infringement of the '923 patent as alleged herein, in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty.

29.    Typemock has been irreparably damaged by Telerik's direct infringement of the '923 patent and such damage will continue unless and until Telerik is enjoined.

# COUNT II

## (INDUCING INFRINGEMENT OF U.S. PATENT NO. 8,352,923)

30.     Typemock realleges and incorporates paragraphs 1-29 above by reference.

31.     Certain individuals and entities including without limitation Telerik's customers and their employees and contractors (collectively, "Users") have used JustMock during the term of the '923 patent, in this judicial district and elsewhere in the United States, without Typemock's authority.

32.     Users of JustMock have and continue to directly infringe claims 1-5, 8-13, and 16-20 of the '923 patent, literally and/or under the doctrine of equivalents, by "making" the systems claimed in said claims, wherein said users combine processor and memory elements as recited in said claims with code elements as recited therein, so as to complete the assembly of the systems recited in said claims.

33.     Users of JustMock have and continue to directly infringe claims 1-5, 8-13, and 16-20 of the '923 patent, literally and/or under the doctrine of equivalents, by "using" the systems recited in said claims, wherein the User asserts control over the systems it has assembled to perform unit testing, and puts the systems so assembled into service, in performing such unit testing.

34.     Users of JustMock have and continue to directly infringe claims 50 and 52 of the '923 patent, literally and/or under the doctrine of equivalents, by "using" the methods recited in said claims by practicing each and every step of said methods.

35.     Telerik has and continues to actively induce the aforesaid acts of direct infringement by Users, and is liable for inducing infringement under 35 U.S.C. § 271(b), by acts including, among others, incorporating elements into JustMock that render them infringing when combined with and executed on Users' computers; providing downloads of JustMock to Users; encouraging its customers for JustMock to use its unit testing features; and instructing those customers in the use of the unit test features of JustMock through online information, web demonstrations and training videos, and documentation, knowledge base, and support forums, such as those located at the above-referenced Internet site.

36.     Since at least the Notice Date, Telerik has engaged in such induced infringement with knowledge of the '923 patent.

37.     Telerik knew or should have known, at least from the Demand Letter, how Users directly infringe the '923 patent when they use JustMock and how Telerik induces such infringement. In continuing its inducement, as alleged above, after the Notice Date, Telerik has induced said acts by Users knowing and intending that the same would infringe the '923 patent.

14

38.     The infringing JustMock product competes with Typemock's software and has caused and continues to cause Typemock to lose sales and profits due to this infringement. Typemock is entitled to damages for Telerik's induced infringement of the '041 patent as alleged herein, in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty, from at least, and after, the Notice Date.

39.     Typemock has been irreparably damaged by Telerik's inducement of infringement of the '923 patent and such damage will continue unless and until Telerik is enjoined.

## COUNT III

## (CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,352,923)

40.     Typemock realleges and incorporates paragraphs 1-39 above by reference.

41.     Telerik has and continues to contributorily infringe at least Claims 1-5, 8-13, and 16-20 of the '923 patent, by among other things, contributing to the direct infringement of Users, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or

especially adapted for use in infringement of the '923 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

42.     For example, the JustMock software module, when loaded on a User's computer comprising a processor and memory, results in computational apparatus and complete systems as claimed in claims 1-5, 8-13, and 16-20 of the '923 patent. Telerik supplies components containing such software modules in the form of tangible media such as compact discs and DVDs containing JustMock software, as well as downloads, in which Telerik makes a server-side tangible copy of JustMock available for users to copy onto their own tangible media via download, as a result of which the Users then have the patented systems for use in practicing the patented processes. Furthermore, said software modules constitute a material part of the invention and are not a staple articles or commodities of commerce suitable for substantial non-infringing use. Thus, Telerik is liable for contributory infringement pursuant to 35 U.S.C § 271(c).

43.     Since at least the Notice Date, Telerik has engaged in such contributory infringement with knowledge of the '923 patent.

44.     Telerik knew or should have known, at least from the Demand Letter, how Users directly infringe the '923 patent when they use JustMock and how Telerik contributes to such infringement. In continuing its distribution of JustMock, as alleged above, after the Notice Date, Telerik has contributed to said

16

direct infringement by Users knowing and intending that the same would infringe the '923 patent.

45. The infringing JustMock product competes with Typemock's software and has caused and continues to cause Typemock to lose sales and profits due to this infringement. Typemock is entitled to damages for Telerik's contributory infringement of the '041 patent as alleged herein, in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty, from at least, and after, the Notice Date.

46. Typemock has been irreparably damaged by Telerik's contributory infringement of the '923 patent and such damage will continue unless and until Telerik is enjoined.

## COUNT IV

### (DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,251,041)

47. Typemock realleges and incorporates paragraphs 1-46 above by reference.

48. Typemock is the owner, by assignment, of U.S. Patent No. 9,251,041 ("the '041 patent"), entitled Method and System for Isolating Software Components, which issued on February 2, 2016.

49. The documented features of JustMock further reflect infringement of at least claims 1-2, 5, 8-10, 13, 15, and 18 of the '041 patent, by making, using,

offering for sale, selling, and importing Typemock's patented inventions without Typemock's authorization, in the United States, during the term of the Typemock patents asserted herein, and actively inducing and contributing to such infringement by others.

50.     Telerik has and continues to directly infringe claims 1-2, 5, 8, and 18 of the '041 patent, literally and/or under the doctrine of equivalents, by making systems as recited in said claims, which it uses to provide JustMock to Users via download.

51.     Telerik has and continues to directly infringe claims 1-2, 5, 8, and 18 of the '041 patent, literally and/or under the doctrine of equivalents, by offering to sell and selling to Users access to the systems referred to in Par. 50 and making systems as recited in said claims, which it uses to provide JustMock to Users via download.

52.     Telerik has and continues further to directly infringe claims 1-2, 5, 8, and 18 of the '041 patent, literally and/or under the doctrine of equivalents, by using the systems referred to in Par. 50, for Users to obtain copies of JustMock via download.

53.     Telerik further has and continues to directly infringe claims 9-10, 13, and 15 of the '041 patent, literally and/or under the doctrine of equivalents,

through its Internal Use, by practicing each and every method step recited in said claims.

54.     Telerik may have infringed or continue to infringe the '041 patent, literally and/or under the doctrine of equivalents, through other software utilizing the same or reasonably similar functionality, including without limitation other versions of JustMock. Typemock reserves the right to discover and pursue claims of infringement regarding all such additional infringing software. For the avoidance of doubt, JustMock in particular has been identified for exemplary purposes and in no way limits the discovery and infringement allegations against Telerik concerning other hardware/software that incorporates the same or reasonably similar infringing functionality.

55.     The infringing JustMock product competes with Typemock's software and has caused and continues to cause Typemock to lose sales and profits due to this infringement. Typemock is entitled to past and continuing damages for Typemock's direct infringement of the '041 patent as alleged herein, in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty.

56.     Typemock has been irreparably damaged by Telerik's direct infringement of the '041 patent and such damage will continue unless and until Telerik is enjoined.

## COUNT V

## (INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,251,041)

57.     Typemock realleges and incorporates paragraphs 1-56 above by reference.

58.     Users of JustMock have and continue to directly infringe claims 1, 2, 5, 8, and 18 of the '041 patent, literally and/or under the doctrine of equivalents, by "using" the systems recited in said claims by downloading from said systems copies of JustMock, thereby putting said systems into service and obtaining the beneficial use thereof. (Such use of said systems by Users is in addition to Telerik's own use of the same systems as alleged in Par. 52.)

59.     Users of JustMock have and continue to directly infringe claims 9, 10, 13, and 15 of the '041 patent, literally and/or under the doctrine of equivalents, by "using" the methods recited in said claims by practicing each and every step of said methods.

60.     Telerik has and continues to actively induce the aforesaid acts of direct infringement by Users, and is liable for inducing infringement under 35 U.S.C. § 271(b), by acts including, among others, incorporating elements into JustMock that render them infringing when combined with and executed on Users' computers; providing downloads of JustMock to Users; encouraging its customers for JustMock to use its unit testing features; and instructing those customers in the

20

use of the unit test features of JustMock through online information, web demonstrations and training videos, and documentation, knowledge base, and support forums, such as those located at the above-referenced Internet site.

61.     Since at least the Notice Date, Telerik has engaged in such induced infringement with knowledge of the '041 patent.

62.     Telerik knew or should have known, at least from the Demand Letter, how Users directly infringe the '041 patent when they use JustMock and how Telerik induces such infringement. In continuing its inducement, as alleged above, after the Notice Date, Telerik has induced said acts by Users knowing and intending that the same would infringe the '041 patent.

63.     The infringing JustMock product competes with Typemock's software and has caused and continues to cause Typemock to lose sales and profits due to this infringement. Typemock is entitled to damages for Telerik's induced infringement of the '041 patent as alleged herein, in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty, from at least, and after, the Notice Date.

64.     Typemock has been irreparably damaged by Telerik's inducement of infringement of the '041 patent and such damage will continue unless and until Telerik is enjoined.

## COUNT VI

## (CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 9,251,041)

65.     Typemock realleges and incorporates paragraphs 1-64 above by reference.

66.     Telerik has and continues to contributorily infringe at least Claims 9, 10, 13, and 15 of the '041 patent, by among other things, contributing to the direct infringement of Users, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '041 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

67.     For example, JustMock, when loaded on a User's computer comprising a processor and memory, results in computational apparatus and complete systems especially adapted to practice claims 9, 10, 13, and 15 of the '041 patent. Telerik supplies components containing such software modules in the form of tangible media such as compact discs and DVDs containing JustMock, as well as downloads, in which Telerik makes a server-side tangible copy of JustMock available for users to copy onto their own tangible media via download, as a result of which the Users then have the patented systems for use in practicing

22

the patented processes. Furthermore, said software modules constitute a material part of the invention and are not a staple articles or commodities of commerce suitable for substantial non-infringing use. Thus, Telerik is liable for contributory infringement pursuant to 35 U.S.C § 271(c).

68.     Since at least the Notice Date, Telerik has engaged in such contributory infringement with knowledge of the '041 patent.

69.     Telerik knew or should have known, at least from the Demand Letter, how Users directly infringe the '041 patent when they use JustMock and how Telerik contributes to such infringement. In continuing its distribution of JustMock, as alleged above, after the Notice Date, Telerik has contributed said direct infringement by Users knowing and intending that the same would infringe the '041 patent.

70.     The infringing JustMock product competes with Typemock's software and has caused and continues to cause Typemock to lose sales and profits due to this infringement. Typemock is entitled to damages for Telerik's contributory infringement of the '041 patent as alleged herein, in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty, from at least, and after, the Notice Date.

71.    Typemock has been irreparably damaged by Telerik's contributory infringement of the '041 patent and such damage will continue unless and until Telerik is enjoined.

## COUNT VII

## WILLFUL INFRINGEMENT

72.    Typemock realleges and incorporates paragraphs 1-71 above by reference.

73.    Telerik's infringement as aforesaid with notice of the '923 and '041 patents has been willful and deliberate.

74.    Telerik willfully and deliberately copied the code and the relevant API for Typemock Isolator in developing the JustMock product, knowing and intending to appropriate thereby the functional attributes and advantages of Typemock Isolator. Telerik became aware of Typemock's published U.S patent application for the '923 patent at a time when Telerik was also aware that it had copied Typemock's product. Prior to the within litigation, Telerik either knew of the '923 and later the '041 patent, or was willfully blind in avoiding knowledge thereof (or the appearance of such knowledge), and accordingly knew or was willfully blind to the fact that JustMock infringed Typemock's patents and that Telerik's ongoing use, marketing, sale, and distribution of JustMock infringed Typemock's patents, directly and indirectly through inducement and contributory infringement with

respect to Telerik's customers. Accordingly, Telerik is properly charged herein with willful infringement of the '923 and '041 Patents, warranting an award of treble damages against Telerik under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

75.    Typemock requests that the Court enter judgment against Telerik as follows:

(A) that Telerik has infringed the '923 and '041 patents;

(B) awarding Typemock its damages suffered as a result of Telerik's infringement of the '923 patent and the '041 patent pursuant to 35 U.S.C. § 284;

(C) awarding Typemock enhanced damages pursuant to 35 U.S.C. § 284;

(D) enjoining Telerik, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '923 patent and the '041 patent;

(E) awarding Typemock its costs, attorneys' fees, expenses and interest (including without limitation pre-judgment interest), and

(F) granting Typemock such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

76.     Typemock hereby demands trial by jury on all issues so triable

pursuant to Fed. R. Civ. P. 38.

Dated: December 15, 2016.

                                    Respectfully submitted,


                                    */s/ Howard L. Close*_____
                                    HOWARD L. CLOSE
                                    Attorney-in-Charge
                                    Texas Bar No. 004406500
                                    WRIGHT & CLOSE, LLP
                                    One Riverway, Suite 2200
                                    Houston, Texas 77056
                                    Telephone:  (713) 572-4321
                                    Facsimle:    (713) 572-4320
                                    close@wrightclose.com

                                    **ATTORNEY FOR THE PLAINTIFF**

OF COUNSEL:

Kathleen S. Rose
State Bar No. 00798473
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
Telephone:  (713) 572-4321
Facsimle:    (713) 572-4320
rose@wrightclose.com

Ronald Abramson
David G. Liston
LEWIS BAACH PLLC
The Chrysler Building
405 Lexington Avenue, 62nd Floor
New York, New York 10174
Telephone:  (212) 826-7001
Facsimile:  (212) 826-7146
ronald.abramson@lewisbaach.com
david.liston@lewisbaach.com