# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| TYPEMOCK, LTD., <br><br>                    Plaintiff, <br><br> v. <br><br> TELERIK INC., <br><br>                    Defendant. | Case No.: 1:17-cv-10274-RGS |

### [Proposed] Scheduling Order for Patent Infringement Cases

Pursuant to the Court's Electronic Order (D.I. 31), Plaintiff, Typemock, Ltd. and Defendant, Telerik Inc., by and through their respective counsel of record, conferred on April 11, 2017 and discussed the proposed schedule for this action. The parties hereby jointly submit this proposed scheduling order.

**I.     REQUIREMENTS UNDER FED. R. CIV. P.  RULE 26(f)**

   **(A) Timing of Initial Disclosures – Fed. R. Civ. P. 26(f)(3)(A)**

   The Parties propose exchanging their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) on or before April 28, 2017.

   **(B) Subjects, Timing, and Phasing of Discovery – Fed. R. Civ. P. 26(f)(3)(B)**

   The parties agree that discovery shall not be phased.

   Pursuant to Fed. R. Civ. P. 26(f)(3)(B), the parties anticipate taking discovery on the subjects relevant to the claims and defenses raised by the parties in the Complaint and Answer, along with any amended versions of those pleadings.

   **(C) Electronic Discovery – Fed. R. Civ. P. 26(f)(3)(C)**

   The parties agree that the discovery of electronically stored information ("ESI") is governed by Rule 26(b)(2)(B).  Pursuant to L.R. 16.6(A)(7), the parties are discussing ways to limit discovery as electronically stored information in an effective and efficient manner.  The parties are meeting and conferring on this point and anticipate submitting a proposed ESI order on e-discovery.

**(D) Issues Relating to Privilege and Work Product – Fed. R. Civ. P. 26(f)(3)(D)**

The scope of discovery shall conform to the limitations set forth in the Federal Rules of Civil Procedure and Local Rule 26.1(c).

The parties agree that with respect to privilege logs, neither party need log communications from the filing date of the action and thereafter. For purposes of creation of a privilege log, a party need include only one entry on the log to identify withheld emails that constitute an uninterrupted dialogue between or among individuals, but such an entry must include the date/time range for the full dialogue, the total number of emails in the dialogue, and the identity of all persons who sent or received any email in the dialogue.

**(E) Changes to Limitations on Discovery – Fed. R. Civ. P. 26(f)(3)(E)**

The parties do not believe there should be any changes to the limitations of discovery as set forth in L.R. 26.1(c), except that each side shall be allowed three (3) separate sets of requests for production. The third and final set of requests for production is limited to ten (10) requests.

**(F) Other Orders – Fed. R. Civ. P. 26(f)(3)(F)**

The parties will discuss and present to the Court for its approval a Stipulated Protective Order to govern access to and use of confidential information, documents, and other things produced during discovery in this action. In addition, the parties will discuss and present to the Court for its approval a Stipulated Order pursuant to Rule 502(d) of the Federal Rules of Evidence.

**(G) Agreement on Electronic Service – Fed. R. Civ. P. 5(b)(2)(E)**

The parties agree to service of discovery and other case-related papers via email, or FTP (or the equivalent thereof) if the materials are too voluminous to serve by e-mail.

**II.    REQUIREMENTS UNDER LOCAL RULE 16.1**

**(A) Settlement Proposals (L.R. 16.1(c))**

Plaintiff will present a written settlement proposal to Defendant no later than 14 days before a scheduling conference is ordered in this action.

**(B) Certifications by Counsel (L.R. 16.1(d)(3))**

Each party shall provide the certification required by L.R. 16.1(d)(3)(a) and (b) no later than 7 days before a scheduling conference is ordered in this action.

### III. REQUIREMENTS UNDER LOCAL RULE 16.6

**(A) Preliminary Disclosures**

(1) Preliminary Infringement Disclosure

No later than 30 days after the Rule 16 Case Management Conference, the patentee shall serve and file preliminary disclosure of the claims infringed. The patentee shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims. The patentee shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents. If the patentee has not already done so, the patentee shall produce all documents supporting its contentions and/or identify any such supporting documents produced by the accused infringer. Such disclosures may be amended and supplemented up to 30 days before the date of the *Markman* Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ D(1) or by leave of court, for good cause shown. The patentee may use a table such as that represented below.

| CLAIM LIMITATION | ACCUSED COMPONENT | BASIS OF INFRINGEMENT CONTENTION |
|---|---|---|
|  |  |  |
|  |  |  |

(2) Preliminary Invalidity and Non-Infringement Disclosures

No later than 60 days after service of the patentee's preliminary infringement contentions, the accused infringer shall serve and file Preliminary Invalidity and Non-Infringement Contentions. The accused infringer shall identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry. If applicable, the accused infringer shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description. If the accused infringer has not already done so, the accused infringer shall produce documents relevant to the invalidity defenses and/or identify any such supporting documents produced by the patentee. Further, if the accused infringer has not already done so, the accused infringer shall produce documents sufficient to show operation of the accused product(s) or method(s) that the patentee identified in its preliminary infringement disclosures. Such disclosures may be amended and supplemented up to 30 days before the date of the *Markman* Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ D(1) or by leave of court, for good cause shown, except that, if the patentee amends or supplements its preliminary infringement disclosures, the accused

infringer may likewise amend or supplement its disclosures within 30 days of service of the amended or supplemented infringement disclosures.

The accused infringer may use the charts shown below.

| CLAIM LIMITATION | PRIOR ART OR OTHER EVIDENCE | BASIS OF INVALIDITY CONTENTION |
|---|---|---|
| | | |
| | | |
| | | |

| CLAIM LIMITATION | ACCUSED COMPONENT | BASIS OF NON-INFRINGEMENT CONTENTION |
|---|---|---|
| | | |
| | | |
| | | |

**(B) Claim Construction Proceedings**

(1)   No later than 120 days after completion of the preliminary disclosures, the parties shall simultaneously exchange a list of claim terms to be construed and proposed constructions.

(2)   No later than 21 days after exchanging the list of claims, the parties shall simultaneously exchange and file preliminary claim construction briefs. Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of court, preliminary claim construction briefs shall be limited to 25 pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes.

(3)   No later than 14 days following exchange and filing of the preliminary claim construction briefs, parties shall simultaneously exchange reply briefs. Absent leave of

court, reply briefs shall be limited to 15 pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes.

(4) No later than 14 days following exchange and filing of the reply briefs, the parties shall finalize the list of disputed terms for the court to construe. The parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.

> (a) The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

> (b) The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials 7 days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

> (c) The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

> (d) The joint statement shall limit the number of claim terms to be construed and shall prioritize the disputed terms in order of importance. The Court suggests that, ordinarily, no more than 10 terms per patent be identified as requiring construction.

> (e) The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term and supporting evidence. The parties may use the form shown below.

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**(C) The Claim Construction Hearing (a.k.a. "*Markman* Hearing")**

The Court shall schedule a hearing date promptly after the filing of the joint claim construction statement.

**(D) After the Hearing**

(1) If necessary, the parties may amend their preliminary infringement/non-infringement and invalidity disclosures, noting whether any infringement or invalidity contentions are withdrawn, within (30) days after the Court's ruling on the claim construction.

(2) The fact discovery period shall close (120) days after the Court's ruling on claim construction.

**(E) Expert Discovery**

(1) Except for expert discovery that may be necessary for the Claim Construction Proceedings, expert discovery, including expert reports and depositions, shall be scheduled to occur after the close of fact discovery.

(2) The parties shall serve their opening expert reports on issues for which a party bears the burden of proof 28 days after the close of fact discovery.

(3) The parties shall serve their rebuttal expert reports 28 days after the exchange of initial expert reports.

(4) The expert discovery period shall close 120 days after the close of fact discovery.

**(F) Dispositive Motions**

(1) A party shall bring all dispositive motions no later than 28 days after the close of expert discovery.

(2) Opposition briefs shall be filed no later than 28 days following a disposition motion.

(3) Reply briefs shall be filed no later than 14 days following a disposition motion.

Dated:  April 12, 2017

Respectfully Submitted:

| | |
|---|---|
| /s/ Philip C. Swain | /s/ Steven M. Bauer |
| Philip C. Swain (BBO 544632) | Steven M. Bauer (BBO No. 542531) |
| FOLEY HOAG LLP | John M. Kitchura, Jr. (BBO No. 681542) |
| 155 Seaport Boulevard | PROSKAUER ROSE LLP |
| Boston, Massachusetts 02210 | One International Place |
| (617) 832-1150 telephone | Boston, Massachusetts 02110-2600 |
| (617) 832-7000 facsimile | (617) 526-9600 telephone |
| pswain@foleyhoag.com | (617) 526-9899 facsimile |
| | sbauer@proskauer.com |
| OF COUNSEL: | jkitchura@proskauer.com |
| Ronald Abramson | |
| David G. Liston | Attorneys for Telerik Inc. |
| LEWIS BAACH KAUFMANN MIDDLEMISS PLLC | |
| The Chrysler Building | |
| 405 Lexington Avenue, 62nd Floor | |
| New York, NY 10174 | |

**SO ORDERED:**

Dated:

_____
Judge Richard G. Stearns
United States District Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      */s/ Philip C. Swain*
      Philip C. Swain