# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| Typemock, LTD., <br><br> Plaintiff, <br><br> v. <br><br> Telerik, Inc., <br><br> Defendant. | Case No.: 1:17-cv-10274-RGS <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT TELERIK, INC.'S MEMORANDUM IN SUPPORT OF
### ITS MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIMS

Pursuant to Federal Rules of Civil Procedure 15(a)(2), 15(d), and 16(b)(4), Defendant Telerik, Inc. ("Telerik") respectfully requests that the Court grant its motion for leave to amend its Answer and Counterclaims to add information learned during discovery that shows that the patents are unenforceable and invalid. A redlined version showing the changes as compared to Telerik's original Answer and Counterclaims is filed herewith as Exhibit 1.[1]

Telerik seeks leave to file the pleading reflected in Exhibit 1, with the tracked changes accepted.

### INTRODUCTION

In this case, so far, there has been limited discovery produced by Plaintiff Typemock. Essentially, it has been like pulling teeth, to get Typemock to produce what would ordinarily be produced early in any patent case. Now that Typemock has begun producing some documents, it

---

[1] All exhibits are attached to the Declaration of James R. Anderson, filed concurrently herewith.

is clear why it has delayed.  The documents and discovery produced show that Typemock brought this case knowing that it had no chance of succeeding on the merits for two significant reasons:  because its "patented" product had been on sale more than a year before it applied for the patent, and because it had granted a license to a third party which passed a license to Telerik.  Telerik was only able to uncover those dispositive facts from discovery.

Telerik's proposed Amended Answer and Counterclaims, filed before any depositions or before the court has become substantively involved in this case, is based on Typemock's continuing unfair tactics in bringing and continuing to prosecute this lawsuit with no subjectively or objectively reasonable expectation of success in doing so.  There is good cause to grant Telerik's Motion for Leave to Amend its Answer and Counterclaims.

### ARGUMENT

A "court should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In assessing whether leave to amend is warranted, a Court considers factors such as undue delay, bad faith, or undue prejudice.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Where a Court has set a scheduling order that provides a date by which amended pleadings should be filed, leave to amend may be granted on a showing of "good cause" where the motion for leave is filed after that date.  *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *see also* Fed. R. Civ. P. 16(b)(4).  While courts examine the diligence of the moving party in assessing whether good cause is shown, "[p]rejudice to the opposing party remains relevant." *Columbia Data Prods., Inc. v. Autonomy Corp. Ltd.*, No. 11-cv-12077-NMG, 2013 WL 3326408, at *4 (D. Mass. June 28, 2013) (citing *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004).  The Court's discretion on whether good cause exists "should be exercised

on the particular facts and circumstances of the case." *Marical Inc. v. Cooke Aquaculture Inc.*, No. 14-cv-00366-JDL, 2017 WL 3254693, at *4 (D. Me. July 31, 2017).

      **A.**      **Telerik has good cause to amend the Answer and Counterclaims.**

Without the information that Typemock provided (and continues to provide as discovery is just beginning), Telerik would not have known the facts upon which its amended counterclaims are based.  Telerik could not have discovered that early versions of Typemock's products were capable of operating in accordance with independent claims of the Asserted Patents (rendering the claims invalid and unenforceable) until Typemock's service of amended and supplemental interrogatory responses on October 3, 2017—seven months after Telerik filed its original Answer.  *See* Exhibit 2, at 13.  Typemock's interrogatory response says that *Typemock's* attorneys needed to rely on the inventor's recollection to determine this key fact, so certainly, Telerik's counsel couldn't have readily learned it before discovery began.  *Id.*  And, the third party license agreement which grants a license to Typemock was not produced until October 2, 2017.  *See* Exhibit 3.

Telerik could not have known any of this information when it filed its original answer seven months earlier, on March 23, 2017.  Any gap in time between Typemock's provision of this information and the filing of the instant motion is solely due to Typemock's delay in disclosing this information to Telerik.

This Court can grant this motion to amend where there is such little delay between first learning of the facts in discovery and the filing of a motion for leave to amend, particularly because there have been no depositions, the court has not yet become substantively involved with the case, and no trial date has been set.  *See Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 116–17 (D. Mass. 2001); *see also Fed. Ins. Co. v. Boston Water & Sewer*

*Comm'n*, 551 F. Supp. 2d 117, 120 (D. Mass. 2008) (permitting amendment under heightened "substantial and convincing evidence" standard and after motion for summary judgment where new legal theories were developed during the course of discovery).

In addition, substantial portions of Telerik's proposed Amended Answer and Counterclaims is based on acts and omissions that occurred *after* the filing of the instant lawsuit. The Court may "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court should grant leave to file supplemental pleadings when they "promote the justiciable disposition of the case" and do not cause undue prejudice, delay or "trial inconvenience." *Structural Sys., Inc. v. Sulfaro*, 692 F. Supp. 34, 36 (D. Mass. 1988). "Liberality is the rule in permitting supplemental pleadings," and supplementation of the pleadings is left to the Court's discretion. *Id.*; *Depianti v. Jan-Pro Franchising Int'l, Inc.*, 39 F. Supp. 3d 112 (D. Mass. 2014).

### B. Typemock will not be prejudiced.

The proceedings are at an early stage. Claim construction briefs have not yet been filed, fact discovery remains open, and a trial date has not been set. With the exception of the production of the third party License Agreement on October 2, 2017, the production of additional discovery only began over the course of the past month. Here, the facts forming the basis for the motion have not been known for "many months and years prior to the filing of the motion" or after significant case deadlines had already passed. *Contra Perry v. Alexander*, No. 6:15-cv-00310-JCN, 2017 WL 2799144, at *2 (D. Me. June 28, 2017).[2]

---

[2] *See also, e.g.*, *Steir*, 383 F.3d at 11 (motion to amend made after close of fact discovery, five months before trial, and over nine months after facts relating to issue were disclosed in

Courts grant motions for leave where the information forming the basis for the "new" information should have been known by the opposing party. *See Marical Inc. v. Cooke Aquaculture Inc.*, No. 14-cv-00366-JDL, 2017 WL 3254693, at 6 & n.8 (D. Me. July 31, 2017) (finding that "Plaintiffs were presumably aware of the information" relating to previously-undisclosed prior art where that information was known to the principal inventor of the patents-in-suit). As laid out in the proposed Amended Answer and Counterclaims, Typemock knew (or should have known) that: (1) certain early versions of its products capable of operating in accordance with claims of the Asserted Patents were on sale and available to the public prior to the earliest priority date of the Asserted Patents and (2) its License Agreement precluded it from bringing and from the possibility of succeeding on the claims it brought in this lawsuit. When Typemock knew or should have known those case-dispositive facts *prior to filing this case*, it cannot complain that it will be prejudiced by Telerik's Motion for Leave.

That the deadline for filing amended pleadings in the Court's original scheduling order has passed does not help Typemock. Subsequent to the Court's entry of the original scheduling order in April 2017, the parties jointly continued the case deadlines several times. (*See* Dkt. Nos. 38, 39, 42, 43, 44, 45, 47, 48, 49, 50.) Typemock did not provide the information forming the basis for the proposed Amended Answer and Counterclaims until October 2017, two months after the Court's deadline for filing amended pleadings. *See supra*; Exhibits 2, 3. And in any event, the stage of the proceedings—before claim construction, the close of fact discovery, the

---

discovery); *Euro-Pro Operating LLC v. Dyson, Inc.*, 164 F. Supp. 3d 235, 240 (D. Mass. 2016) (motion to amend filed after close of fact discovery); *Depianti v. Jan-Pro Franchising Int'l, Inc.*, 39 F. Supp. 3d 112, 122 (D. Mass. 2014) (denying motion to amend filed approximately 33 months after close of fact discovery); *Boston Sci. Corp. v. Radius Int'l, L.P.*, No. 06-cv-10184-RGS, 2008 WL 1930423, at *2 (D. Mass. May 2, 2008) (motion to amend filed after opposing party filed motion for summary judgment, seventeen months after facts relating to issue were revealed in discovery).

beginning of expert discovery, and the setting of a trial date—demonstrates that there is no prejudice. *See, e.g.*, *Tingley*, 152 F. Supp. 2d at 117 (finding no prejudice where motion for leave filed before the close of fact discovery); *Steir*, 383 F.3d at 12 (noting relevant considerations are whether discovery must be reopened with additional costs or trial would be significantly postponed).

## CONCLUSION

For the foregoing reasons, Telerik respectfully requests that the Court permit it to file and serve the Amended Answer and Counterclaims filed herewith as Exhibit 1, with the tracked changes accepted.

Dated: April 12, 2018

Respectfully submitted,
/s/ *James R. Anderson*
Steven M. Bauer (BBO # 542531)
James R. Anderson (BBO # 693781)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110-2600
(617) 526-9600 *telephone*
(617) 526-9899 *facsimile*
sbauer@proskauer.com
jaanderson@proskauer.com

Attorneys for Telerik, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing on April 12, 2018.

                                                  /s/ *James R. Anderson*
                                                  James R. Anderson

97466500v4