IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Typemock, Ltd.,<br><br>       Plaintiff,<br><br>   v.<br><br>Telerik, Inc.,<br><br>       Defendant. | Case No.:  1:17-cv-10274-RGS<br><br>**JURY TRIAL DEMANDED** |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to the Court's Order of February 6, 2018 (D.I. 50), Plaintiff Typemock, Ltd. ("Typemock") and Defendant Telerik, Inc. ("Telerik") (collectively, the "Parties") respectfully submit the following Joint Claim Construction and Prehearing Statement.

**(a)** The Parties anticipate that the length of time necessary for the claim construction hearing will be three (3) hours.

**(b)** Tutorial

Typemock and Telerik each propose to present a twenty-minute tutorial at the claim construction hearing.

**Typemock's Additional Position Regarding Use of Expert Testimony at Hearing:**

Typemock's expert, Prof. Goldberg, will assist in Typemock's tutorial.

Typemock expects to call an expert, Prof. Benjamin F. Goldberg of New York University, who submitted a declaration along with Typemock's claim construction briefing.

(D.I. 74-1.) Any testimony offered by Prof. Goldberg will not conflict with the intrinsic evidence.

Typemock does not understand Telerik's objection to Prof. Goldberg's testimony, or why it is raised for the first time in this statement. Prof. Goldberg's testimony will provide support for Typemock's arguments regarding the terms for which Telerik has made indefiniteness arguments, in line with Prof. Goldberg's declaration. Prof. Goldberg will also assist with a technology tutorial.

Telerik references the new Local Rules, which are not applicable to this case. To address any possible concerns, Typemock has offered to allow Telerik to depose Prof. Goldberg before the claim construction hearing. Telerik is apparently refusing this offer.

**Telerik's Response Regarding Use of Expert Testimony at Hearing:**

The Court should not permit Typemock to call Dr. Goldberg as an expert to testify at the hearing.  In this case, Dr. Goldberg essentially does nothing more in his report than repeat Typemock's lawyer's *legal* arguments.  That is, Typemock contends that *none* of the terms Telerik has presented need construction, saying that all the terms have a "plain and ordinary meaning."  But, Typemock does not tell the court what that meaning is.  *Nor does Dr. Goldberg*—he offers no substantive evidence, and offers no opinion of his own as to what any claim terms mean.  In his report, Dr. Goldberg merely quotes language in the patent and then says "one of ordinary skill" would understand it, without telling the Court what that person of ordinary skill would understand the language to mean.  It fact, what it appears is happening here, is that after Typemock failed to offer any constructions for the terms, it hopes that the Court will allow Dr. Goldberg to now fill in the gaps.  If the terms have a "plain and ordinary meaning" that needs no explanation, as Typemock argues, its expert simply will not be helpful to the Court.

Telerik notes that this Court, in its new local rules, recognizes that expert testimony typically is not helpful in this regard.  That's why the court's rule says  "expert testimony shall [not] be permitted unless the court requests further testimony or for good cause shown."  In this case, Typemock did not provide an expert report with its opening brief, so certainly, it did not think expert testimony was necessary for the Court to understand the issues.  Typemock's expert in rebuttal, offers nothing not already in the record.  Typemock has made no effort to show that expert testimony would be helpful here.

Of course, if the *court* believes expert testimony would be helpful, Telerik will bring its expert, Dr. Alessandro Orso, as well, and requests the right to depose Typemock's expert in advance of the hearing, to permit cross-examination.  Any testimony offered by Dr. Orso will not conflict with the intrinsic evidence.


**(c)** The Parties propose to present arguments on a term-by-term basis, in the order of the below disputed term chart.

### Typemock's Further Position:

Typemock believes that Telerik has included an unreasonably large number of terms for the Claim Construction Hearing. Only one term in the disputed term chart, Term No. 7, is at Typemock's request. The remaining seventeen terms are all at Telerik's request, and Telerik has further combined terms that had previously been listed and briefed separately, which masks just how far over the ten-term limit Telerik is pushing. Typemock believes that Telerik or the Court should limit the terms to the ten (10) most important.

**Telerik's Response to Typemock's Further Position:**

Typemock misconstrues the number of terms and the effort that will be needed to address them here.

First, Telerik does not seek construction of "17" terms.  The first five terms on the list are "means plus function" terms which, as a matter of law, are invalid because they cannot be construed, because there is no supporting structure in the patent.  Telerik had no control over the number of *these* terms—the fact that Typemock uses them throughout its patent drives the number.  And, to make it easier for the Court, Telerik has consolidated issues where the terms are common and the argument will essentially be the same.  It's no surprise that Typemock wants to avoid discussing these terms—their use renders the patent invalid.

Beyond the five "means plus function terms" and the "one" term for which *Typemock* seeks construction, twelve terms are listed for construction.  The reason there are *that* many terms in dispute, is because Typemock has refused to provide *any* construction as to any of them, meaning there is no way to know just how far apart the parties are.  Because Typemock has left Telerik to guess as to what the "plain and ordinary meaning" is, claim construction is necessary here.

Finally, the parties have agreed that 3 hours should be sufficient time to address these terms.  Before now, Typemock had never objected to the number of terms, all of which have been fully briefed.  Given the agreement on time, and that the terms are in order of importance, Telerik proposes that the Court take the terms in order, and see how far it gets within the allotted time.

**Disputed Term Chart**

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| 1. "computational apparatus for . . .<br><br>. . . at least partially isolating, from within the software application, at least one coupled software component which performs a given function by introducing, prior to execution, code elements for runtime access of application points associated with the at least one coupled software component, wherein at least one code element associated with the at least one coupled software component provides access control between utilizing-utilized software components<br><br>[Claim 1, of 8,352,923] | Plain and ordinary meaning.<br><br>Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as 3:25-32, 4:9-13:40, Figures 1-9, Claims 1 and 30; the corresponding disclosure in the '041 Patent, and Claim 9; Goldberg Decl., such as ¶¶ 14-24. | Means-plus-function, indefinite for failure to disclose structure.<br><br>Function:<br>"at least partially isolating, from within the software application, at least one coupled software component which performs a given function by introducing, prior to execution, code elements for runtime access of application points associated with the at least one coupled software component, wherein at least one code element associated with the at least one coupled software component provides access control between utilizing-utilized software components"<br><br>Structure:<br>Undisclosed, and therefore indefinite | |
| . . . at least partially isolating, from within the software | | Function:<br>"at least partially isolating, | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| application, at least one coupled software component which performs a given function by introducing, prior to execution, code elements for runtime access and control of application points associated with the at least one coupled software component<br><br>[Claim 30 of 8,352,923] | | from within the software application, at least one coupled software component which performs a given function by introducing, prior to execution, code elements for runtime access and control of application points associated with the at least one coupled software component"<br><br>Structure:<br>Undisclosed, and therefore indefinite. | |
| " . . . testing the software application by imposing a fake behavior on the at least one coupled software component, wherein imposing includes removing or replacing an expected behavior of the at least one coupled software component during runtime; and wherein the at least one code element is operative to query said computational apparatus for testing."<br><br>[Claim 1 of 8,352,923] | | Function:<br>"testing the software application by imposing a fake behavior on the at least one coupled software component, wherein imposing includes removing or replacing an expected behavior of the at least one coupled software component during runtime"<br><br>Structure:<br>Undisclosed, and therefore indefinite. | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| " . . . testing the software application by removing or replacing a behavior of at least said at least partially isolated coupled software component during runtime, without dependency injection, wherein said apparatus for testing is operative to generate a plurality of expectations each of which comprises an identity of an individual component from among the plurality of software components and an associated behavior inducing message inducing said apparatus for at least partially isolating, when said individual component is called, to selectively at least partially isolate, and to impose a fake behavior upon, the individual component."<br><br>[Claim 30 of 8,352,923] | | Function:<br>"testing the software application by removing or replacing a behavior of at least said at least partially isolated coupled software component during runtime, without dependency injection, wherein said apparatus for testing is operative to generate a plurality of expectations each of which comprises an identity of an individual component from among the plurality of software components and an associated behavior inducing message inducing said apparatus for at least partially isolating, when said individual component is called, to selectively at least partially isolate, and to impose a fake behavior upon, the individual component"<br><br>Structure:<br>Undisclosed, and therefore indefinite | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| " . . . at least partially isolating from within the software application, by use of a computational apparatus running a testing application, during runtime, at least one coupled software component which performs a given function by introducing into the software application, prior to execution of the software application, code elements for runtime access of application points associated with the at least one coupled software component, such that at least one of the introduced code elements provides the testing application access between utilizing-utilized software components during runtime; and testing, by use of the computational apparatus running the testing application, the software application by imposing a fake behavior on the at least one coupled software component, wherein imposing behavior includes removing or replacing an expected behavior of the at least one coupled | | Function:<br>[A] "at least partially isolating from within the software application . . . running a testing application, during runtime at least one coupled software component which performs a given function by introducing into the software application, code elements" [and] [B] "testing . . . the software application by imposing a fake behavior on the at least one coupled software component, wherein imposing behavior includes removing or replacing an expected behavior of the at least one coupled software component, during runtime, by use of the access provided by the at least one of the introduced code elements"<br><br>Structure:<br>Undisclosed, and therefore indefinite<br><br>Supporting Evidence:<br>E.g., '923 patent, 3:19–67, specification generally, claims 1, 30; '041 patent, claims 1, 9; | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| software component, during runtime, by use of the access provided by the at least one of the introduced code elements. [Claim 9 of 9,251,041] | | Ex. D to Opening Brief (Non-final Rejection); Ex. G to Opening Brief (WIP International Publication No. 2008-038265 A2); Ex. H to Opening Brief (Amendment); Orso Declaration | |
| 2. "a first processor functionally associated with a digital memory, which digital memory stores processor executable software testing code adapted to cause one or more second processors to [perform recited functions] . . ." <br><br> [Claim 1 of 9,251,041] | Plain and ordinary meaning. <br><br> Supporting Evidence: '041 Patent specification, figures, and claims, such as 2:57-3:23, and Claim 1; Goldberg Decl., such as ¶ 25. | Means-plus-function, indefinite for failure to disclose structure. <br><br> Function: "associate with a digital memory, which digital memory stores processor executable software testing code adapted to cause one or more second processors to [perform recited functions]" <br><br> Structure: Undisclosed, and therefore indefinite | |
| "one or more second processors [for] . . ." <br><br> "at least partially isolate from within the given software application, during runtime, at | | Function: "at least partially isolate from within the given software application, during runtime, at least one coupled software component which performs a | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| least one coupled software component which performs a given function by introducing, prior to execution of the software application, code elements for runtime access of application points associated with the at least one coupled component of the given software application, such that at least one of the introduced code elements provides the software testing code access between utilizing-utilized software components during runtime; and test, by use of the second processors running the testing code, the given software application by imposing a fake behavior on the at least one coupled software component, wherein imposing behavior includes removing or replacing an expected behavior of the at least one coupled software component, during runtime, by use of the access provided by the at least one of the introduced code elements." <br><br> [Claim 1 of 9,251,041] | | given function by introducing, prior to execution of the software application, code elements for runtime access of application points associated with the at least one coupled component of the given software application, such that at least one of the introduced code elements provides the software testing code access between utilizing-utilized software components during runtime; and test, by the given software application by imposing a fake behavior on the at least one coupled software component, wherein imposing behavior includes removing or replacing an expected behavior of the at least one coupled software component, during runtime, by use of the access provided by the at least one of the introduced code elements" <br><br> Structure: <br> Undisclosed, and therefore indefinite <br><br> Supporting Evidence: | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| | | E.g., '923 patent, 3:19–67, specification generally, claims 1, 30; '041 patent, claims 1, 9; Ex. D to Opening Brief (Non-final Rejection); Ex. G to Opening Brief (WIP International Publication No. 2008-038265 A2); Ex. H to Opening Brief (Amendment); Ex. I to Opening Brief (Amendment After Final); Orso Declaration | |
| 3. "apparatus for . . . "<br><br>" . . . adding access controlling code between each pair of utilizing-utilized software components, said access controlling code being operative to control access of the utilizing software component to the utilized software component"<br><br>[Claim 32 of 8,352,923] | Plain and ordinary meaning.<br><br>Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as 4:15-5:47, and Claims 30, 32, 48; Goldberg Decl., such as ¶¶ 26-29. | Means-plus-function, indefinite for failure to disclose structure.<br><br>Function:<br>"adding access controlling code between each pair of utilizing-utilized software components, said access controlling code being operative to control access of the utilizing software component to the utilized software component"<br><br>Structure:<br>Undisclosed, and therefore indefinite | |
| " . . . modifying said meta-data | | Function: | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| to point to access control code, said access controlling code being operative to control access of the utilizing software component to the utilized software component"<br><br>[Claim 48 of 8,352,923] | | "modifying said meta-data to point to access control code, said access controlling code being operative to control access of the utilizing software component to the utilized software component"<br><br>Structure:<br>Undisclosed, and therefore indefinite<br><br>Supporting Evidence:<br>E.g., '923 patent, 3:19–67, specification generally, claims 1, 30, 32, 48; '041 patent, claims 1, 9; Ex. D to Opening Brief (Non-final Rejection); Ex. G to Opening Brief (WIP International Publication No. 2008-038265 A2); Ex. H to Opening Brief (Amendment); Orso Declaration | |
| 4. "code elements for . . . "<br><br>" . . . runtime access of application points associated with the at least one coupled software component, wherein at least one code element associated with the at least one | Plain and ordinary meaning.<br><br>Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as 4:15-46, 5:33-42, 10:20-23, and Claims 1, 30; the corresponding disclosure in the '041 Patent, | Means-plus-function, indefinite for failure to disclose structure.<br><br>Function:<br>"runtime access of application points associated with the at least one coupled software component, wherein at least | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| coupled software component provides access control between utilizing-utilized software components"<br><br>[Claim 1 of 8,352,923] | and Claims 1, 9; Goldberg Decl., such as ¶¶ 30-31. | one code element associated with the at least one coupled software component provides access control between utilizing-utilized software components"<br><br>Structure:<br>Undisclosed, and therefore indefinite | |
| " . . . runtime access and control of application points associated with the at least one coupled software component"<br><br>[Claim 30 of 8,352,923] | | Function:<br>"runtime access and control of application points associated with the at least one coupled software component"<br><br>Structure:<br>Undisclosed, and therefore indefinite | |
| " . . . runtime access of application points associated with the at least one coupled component of the given software application, such that at least one of the introduced code elements provides the software testing code access | | Function:<br>"runtime access of application points associated with the at least one coupled component of the given software application, such that at least one of the introduced code elements provides the software testing | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| between utilizing-utilized software components during runtime"<br><br>[Claim 1 of 9,251,041] | | code access between utilizing-utilized software components during runtime"<br><br>Structure:<br>Undisclosed, and therefore indefinite | |
| " . . . runtime access of application points associated with the at least one coupled software component, such that at least one of the introduced code elements provides the testing application access between utilizing-utilized software components during runtime"<br><br>[Claim 9 of 9,251,041] | | Function:<br>"runtime access of application points associated with the at least one coupled software component, such that at least one of the introduced code elements provides the testing application access between utilizing-utilized software components during runtime"<br><br>Structure:<br>Undisclosed, and therefore indefinite<br><br>Supporting Evidence:<br>E.g., '923 patent, claims 1, 30, specification generally; '041 patent, claims 1, 9; Orso Declaration | |
| 5. "access controlling code external of the software | Plain and ordinary meaning. | Means-plus-function, indefinite for failure to disclose structure. | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| application for . . .<br><br> . . . anticipating forthcoming utilization of utilized software components by utilizing software components and for selectively preventing said utilization by controlling access of the utilizing software component to the utilized software component"<br><br>[Claims 9, 39 of 8,352,923] | Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as 4:15-20, 7:3-10, 8:53-65, and Claims 9, 39; Goldberg Decl., such as ¶¶ 32-36. | Function:<br>"[A] anticipating forthcoming utilization of utilized software components by utilizing software components and for [B] selectively preventing said utilization by controlling access of the utilizing software component to the utilized software component"<br><br>Structure:<br>Undisclosed, and therefore indefinite<br><br>Supporting Evidence:<br>E.g., '923 patent, claims 9, 39, specification generally; Orso Declaration | |
| 6. "at least partially isolating" / "at least partially isolate" / "selectively at least partially isolate"<br><br>[Claims 1, 18, 30 of 8,352,923; Claims 1, 9 of 9,251,041] | Plain and ordinary meaning.<br><br>Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as 4:17-21, 4:59-5:1, 6:48-53, and Claims 1, 18, 30; the corresponding disclosure in the '041 Patent, and Claims 1, 9; Goldberg Decl., such as ¶¶ 37-38. | Indefinite, not reasonably amenable to construction.<br><br>Supporting Evidence:<br>E.g., '923 patent, claims 1, 18, 30, specification generally; '041 patent, claims 1, 9; Orso Declaration | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
|  |  |  |  |
| 7. "said set"<br><br>[Claim 4 of 8,352,923] | "The plurality of components that are 'coupled in a utilizing-utilized relationship' as recited in claim 1."<br><br>Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as claims 1, 3, 4, 9; Oxford Living Dictionary, set, available at https://en.oxforddictionaries.com/definition/set. | Indefinite (no antecedent basis).<br><br>Supporting Evidence:<br>E.g., '923 patent, claims 1, 3, 4, 9; Orso Declaration |  |
| 8. "coupled"<br><br>[Claims 1, 30 of 8,352,923; Claims 1, 9 of 9,251,041] | Plain and ordinary meaning.<br><br>Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as 9:1-11:65, and Claims 1, 30; the corresponding disclosure in the '041 Patent, and Claims 1, 9; Goldberg Decl., such as ¶¶ 39-40. | Indefinite, not reasonably amenable to construction.<br><br>Supporting Evidence:<br>E.g., '923 patent, claims 1, 30, specification generally; '041 patent, claims 1, 9; Ex. D to Opening Brief (Non-final Office Action); Ex. E to Opening Brief (ISO/IEC/IEEE definition); Ex. F to Opening Brief (IEEE 100 Dictionary); Orso Declaration |  |
| 9. "utilizing-utilized relationship" / "utilizing software component" / "utilized software component" / | Plain and ordinary meaning.<br><br>Supporting Evidence:<br>'923 Patent specification, | Indefinite, not reasonably amenable to construction.<br><br>Supporting Evidence: |  |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| "utilizing-utilized software components"<br><br>[Claims 1, 4, 9, 26, 32, 34, 39, 48 of 8,352,923; Claims 1, 9 of 9,251,041] | figures, and claims, such as 9:1-11:65, and Claims 1, 4, 9, 26, 32, 39, 48; the corresponding disclosure in the '041 Patent, and Claims 1, 9; Goldberg Decl., such as ¶ 41. | E.g., '923 patent, 1:44–46, claims 1, 4, 9, 26, 32, 34, 39, 48, specification generally; '041 patent, claims 1, 9; Orso Declaration | |
| 10. "application points"<br><br>[Claims 1, 30 of 8,352,923; Claims 1, 9 of 9,251,041] | Plain and ordinary meaning.<br><br>Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as 4:17-20, 4:57-58, 5:33-42, Figure 3, and Claims 1, 30; the corresponding disclosure in the '041 Patent, and Claims 1, 9. | Indefinite, not reasonably amenable to construction.<br><br>Supporting Evidence:<br>E.g., '923 patent, claims 1, 30, specification generally; '041 patent, claims 1, 9; Orso Declaration | |
| 11. "an associated behavior inducing message"<br><br>[Claim 18 of 8,352,923] | Plain and ordinary meaning.<br><br>Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as 6:4-63, and Claim 18; the corresponding disclosure in the '041 Patent, and Claims 1, 9; Goldberg Decl., such as ¶¶ 43-44. | Indefinite, not reasonably amenable to construction.<br><br>Supporting Evidence:<br>E.g., '923 patent, 4:32–33, 8:39–40, specification generally, claim 18; Orso Declaration | |
| 12. "expected behavior"<br><br>[Claim 1 of 8,352,923] | Plain and ordinary meaning.<br><br>Supporting Evidence:<br>'923 Patent specification, figures, and claims, such as 6 6:4-8:22, and Claim 1; the | Indefinite, not reasonably amenable to construction.<br><br>Supporting Evidence:<br>E.g., '923 patent, claim 1, specification generally; Orso | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| | corresponding disclosure in the '041 Patent, and Claims 1, 9; Goldberg Decl., such as ¶¶ 45-46. | Declaration | |
| 13. "software component[s]"<br><br>[Claims 1, 30 of 8,352,923; Claims 1, 9 of 9,251,041] | Plain and ordinary meaning, e.g., two or more parts or elements of software.<br><br>Supporting Evidence: '923 Patent specification, figures, and claims, such as 1:58-59, 5:33-47, and claims 1, 30; the corresponding disclosure in the '041 Patent specification, figures and claims, such as claims 1, 9, and 13:34-43, 14:25-40; Oxford Living Dictionary, Component, available at https://en.oxforddictionaries.com/definition/component. | "discrete portions of the production code capable of being isolated and changed"<br><br>Supporting Evidence: E.g., '923 patent, 1:47–51, 1:52–54, 4:23–27, 5:46–47, claims 1, 30; '041 patent, claims 1, 9; Orso Declaration | |
| 14. "introducing, prior to execution" / "introducing, prior to execution of the software application" / "introducing into the software application, prior to execution of the software application"<br><br>[Claims 1, 30 of 8,352,923; Claims 1, 9 of 9,251,041] | Plain and ordinary meaning.<br><br>Supporting Evidence: '923 Patent specification, figures, and claims, such as 1:46-48,  4:15-17, 5:33-47, and claims 1, 30; '041 Patent specification, figures, and claims, including disclosure corresponding to that in the | "inserting into production code, before the software application is run"<br><br>Supporting Evidence: E.g., '923 patent, 4:36–49, claims 1, 30; '041 patent, claims 1, 9; Orso Declaration | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| | '923 Patent, as well as claims 1, 9. | | |
| 15. "imposing a fake behavior" / "impose a fake behavior" [Claims 1, 30 of 8,352,923; Claims 1, 9 of 9,251,041] | Plain and ordinary meaning, and includes removing or replacing an expected behavior of the at least one coupled software component during runtime. Supporting Evidence: '923 Patent specification, figures, and claims, such as claims 1, 30; '041 Patent specification, figures, and claims, such as claims 1, 9. | "causing, during runtime, a change from the normal operation of the at least one software component" Supporting Evidence: E.g., '923 patent, claims 1, 30, specification generally; '041 patent, claims 1, 9; Orso Declaration | |
| 16. "during runtime" [Claims 1, 30 of 8,352,923; Claims 1, 9 of 9,251,041] | Plain and ordinary meaning. Supporting Evidence: '923 Patent specification, figures, and claims, such as claims 1, 30; '041 Patent specification, figures, and claims, such as claims 1, 9; MICROSOFT PRESS, COMPUTER DICTIONARY 416 (3d ed. 1997) (Abramson Decl. Ex. 1). | "while the software application is running" Supporting Evidence: E.g., '923 patent, 4:12-15, claims 1, 30; '041 patent, claims 1, 9; Orso Declaration | |
| 17. "at least one expectation is generating by recording an actual call" | Plain and ordinary meaning. Supporting Evidence: '923 Patent specification, | "using a call associated with normal operation of the production code to generate an expectation" | |

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
| [Claim 24 of 8,352,923] | figures, and claims, such as claims 18, 24, 4:17-31, 6:40-66, 7:3-7, 8:2-3. | Supporting Evidence: E.g., '923 patent, 6:65–7:2, 7:21–45, FIG. 7, claim 24; Orso Declaration | |
| 18. "without dependency injection" [Claim 30 of 8,352,923] | Plain and ordinary meaning, e.g., without removing dependency from code under test and injecting it as input instead. Supporting Evidence: '923 Patent specification, figures, and claims, such as claim 30, 1:24-60, 2:1-64; https://en.wikipedia.org/w/index.php?title=Dependency_injection&diff=prev&oldid=141213974. | "without relying on a provider of some capability or resource being inserted" Supporting Evidence: E.g., '923 patent, 1:24–31, claim 30; Orso Declaration | |

**Term Chart on Party-Agreed Terms**

The parties have agreed on the constructions of the terms in the below chart, and respectfully request the Court to enter these

constructions, along with constructions for the disputed terms.

| TERM | PARTIES' PROPOSED CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|
| "one pairs"<br><br>[Claims 9, 26, 32, 39, 48 of the 8,352,923] | one pair | |
| "mat"<br><br>[Claim 10 of 8,352,923] | that | |
| "at least one expected arguments which are expected to be passed"<br><br>[Claim 22 of 8,352,923] | at least one expected argument which is expected to be passed | |
| "said access controlling code"<br><br>[Claims 26 and 48 of 8,352,923] | said access control code | |
| "first processor"[1]<br><br>[Claim 1 of 9,251,041] | "processor separate and distinct from the one or more second processors" | |

---

[1] As explained in Telerik's briefing, as the terms are used in the asserted '041 patent, "first processor" and "one or more second processors" are means-plus-function terms for which Typemock has identified no corresponding structure, and are therefore indefinite as a matter of law.

| TERM | PARTIES' PROPOSED CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|
| "one or more second processors"[2]<br><br>[Claim 1 of 9,251,041] | "one or more processors separate and distinct from the first processor" | |

---

[2] As explained in Telerik's briefing, as the terms are used in the asserted '041 patent, "first processor" and "one or more second processors" are means-plus-function terms for which Typemock has identified no corresponding structure, and are therefore indefinite as a matter of law.

Dated:  June 1, 2018

Respectfully Submitted:

/s/ *James R. Anderson*
Steven M. Bauer (BBO No. 542531)
James R. Anderson (BBO # 693781)
**PROSKAUER ROSE LLP**
One International Place
Boston, Massachusetts 02110-2600
(617) 526-9600 *telephone*
(617) 526-9899 *facsimile*
sbauer@proskauer.com
jaanderson@proskauer.com


Attorneys for Defendant Telerik, Inc.

/s/ *Ronald Abramson*
Ronald Abramson (*admitted pro hac vice*)
David G. Liston (*admitted pro hac vice*)
**LEWIS BAACH KAUFMANN**
**MIDDLEMISS PLLC**
The Chrysler Building
405 Lexington Avenue, 62nd Floor
New York, NY 10174
(212) 826-7001 *telephone*
(617) 826-7146 *facsimile*
ronald.abramson@lbkmlaw.com
david.liston@lbkmlaw.com

Philip C. Swain (BBO 544632)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1150 telephone
(617) 832-7000 facsimile
pswain@foleyhoag.com

Attorneys for Plaintiff Typemock, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, I caused a true and correct copy of the foregoing document to be filed through the CM/ECF system which will send electronic copies to all counsel of record.

/s/ *Ronald Abramson*
Ronald Abramson