# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### BOSTON DIVISION

Typemock, LTD.,

              Plaintiff,

      v.

Telerik, Inc.,

              Defendant.

Case No.:  1:17-cv-10274-RGS

**JURY TRIAL DEMANDED**

**DEFENDANT TELERIK, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO CLARIFY THE COURT'S RULING
AND/OR AMEND ANSWER REGARDING "LICENSE" AFFIRMATIVE DEFENSE**

## TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................... 1

II.  BACKGROUND ........................................................................................... 3

    A.  Procedural Background. ....................................................................... 3

    B.  Factual Background. ............................................................................. 6

III.  ARGUMENT ................................................................................................. 7

    A.  An Amendment To Add an Affirmative Defense Unknowable at the Time of Answer, But For Which the *Plaintiff* is on Notice, May be Filed at Any Time. ............................ 8

    B.  Telerik's Amendment Seeking to Add the License Affirmative Defense Was Timely. . 9

    C.  The License Issue is Dispositive, and Appropriately Belongs in This Case. ................ 14

IV.  CONCLUSION ............................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Boston Hides & Furs, Ltd. v. Sumitomo Bank, Ltd.*,
    870 F. Supp. 1153 (D. Mass. 1994) ........................................................................9

*Bryan Corp v. Chermwerth, Inc.*,
    No. 12-cv-10446, 2013 WL 6489785 (D. Mass. Dec. 9, 2013) .................................9

*Columbia Data Prods., Inc. v. Autonomy Corp. Ltd.*,
    No. 11-cv-12077-NMG, 2013 WL 3326408 (D. Mass. June 28, 2013) ...................14

*Cruz v. Bristol-Myers Squibb Co., PR, Inc.*,
    699 F.3d 563 (1st Cir. 2012) ...................................................................................10

*D'Agostino v. ev3, Inc.*,
    845 U.S. 1 (1st Cir. 2016) ........................................................................................10

*Kaufmann v. Prudential Ins. Co. of Am.*,
    No. 09-cv-10239-RGS, 2009 WL 2449872 (D. Mass. Aug. 9, 2009) ...................5, 9

*Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*,
    15 F.3d 1222 (1st Cir. 1994) .................................................................................8, 9

*O'Connell v. Hyatt Hotels of Puerto Rico*,
    357 F.3d 152 (1st Cir. 2004) ..............................................................................10, 14

*Steir v. Girl Scouts of the USA*,
    383 F.3d 7 (1st Cir. 2004) ..................................................................................10, 13

*Traincroft, Inc. v. Ins. Co. of Pa.*,
    No. 14-cv-10551-FDS, 2014 WL 2865907 (D. Mass. June 23, 2014) .....................5

*Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*,
    524 F.3d 315 (1st Cir. 2008) ...................................................................................10

*U.S. ex rel. Gagne v. City of Worcester*,
    565 F.3d 40 (1st Cir. 2009) .....................................................................................10

OTHER AUTHORITIES

Fed. R. Civ. P. 8(c) .........................................................................................................5, 8, 9

## I.    INTRODUCTION

As a result of a ████████████████████ between plaintiff Typemock and Microsoft

Corporation, which Telerik was unaware of when it filed its answer in this case, Telerik's

products are immune from suit here.  Because the defense was unknowable to Telerik when it

filed its answer, Telerik added the Microsoft ████████████████ "affirmative defenses"

when it sought to add a number of counterclaims (for antitrust, inequitable conduct, and breach

of contract) in its April 12, 2018 motion for leave to amend its answer (Dkt. No. 54).

On May 2, 2018, the Court denied the motion to amend, stating that it was denying

Telerik's motion because it did "not provide an explanation for the 6-month delay between

having obtained, on October 2 and 3 of 2017, what it contends are the two key documents giving

rise to its proposed _counterclaims_, and the filing of its motion to amend on April 12, 2018."

(Dkt. No. 69 (emphasis added).)

Typemock _now_ contends that the Court's order denying that motion precludes Telerik

from ever asserting the license defense—_even against new infringement allegations made after_

_Telerik's motion was filed_.  Telerik now moves to clarify this Court's previous ruling and allow

Telerik to amend its Answer for the sole purpose of adding its "license" defense.

Telerik believes that there is a real possibility that the Court may not have been aware

that the addition of the "license" defense in the amended answer was an entirely different issue

than the addition of the counterclaims, or that the good cause for its addition stood separate and

apart from the counterclaim issues.  The amendment adding the affirmative defense required

only one paragraph (paragraph 10) at the end of the amended answer, while the proposed

counterclaims added approximately 100 numbered paragraphs spread over 25 pages. (Dkt. No.

56-1 (Ex 1 to Mtn. for Leave to Amend), ¶¶ 3–81, 103–135.)

It would have been easy for the Court to have missed the separate nature of the two issues.  Typemock focused *all* of its attention in its opposition brief to the complexity, timing, and sufficiency of the *counterclaims*, and there was no briefing by *either* side directed to the appropriateness of adding the "license" defense.  And because the Court denied the motion before reply, it was not aware of the facts that (1) Typemock had served *new* infringement contentions *after* Telerik filed its motion for leave to amend, █████████████████████ ████████████████████████████████████ (2) Typemock had drafted its original infringement contentions █████████████████████████████ and (3) the Microsoft agreement ███████████████████████████████████████ ████████████████████████████████████

If the Court did not notice the separate nature of the affirmative defense when denying Telerik's motion, then this is simply a motion for clarification of that, and for leave to add the affirmative defense to the pleading at this time.  If, on the other hand, the Court did intend to deny the amended answer in its entirety (and to preclude Telerik from raising the license defense even as to the later-served infringement contentions), then this is a motion for partial reconsideration, but only as to that part of the Court's order denying leave to add the affirmative defense.

Telerik hereby moves for leave to file the amended answer (attached as Exhibit 1,[1] showing proposed additions in redline), which differs from the previously-filed proposed amended answer in that it adds only the affirmative defense at paragraph 9, because: (1) the license defense is case dispositive, and may simplify the proceedings since it is amenable to

---

[1] All exhibits are attached to the Declaration of Steven M. Bauer ("Bauer Decl."), filed concurrently herewith.

summary judgment; (2) adding the defense to the case does not prejudice Typemock, since Telerik requires no documents other than what it will receive in the ordinary course of discovery from Typemock relating to the issue; (3) adding the license defense to the case will not require *any* change to any pending deadlines, and will not delay any trial; (4) Typemock's amendment to its infringement contentions *after* Telerik filed its motion to amend provided separate grounds to permit Telerik to assert its license defense; (5) ██████████████████████████████ ██████████████████████████████████████████ trial; and (6) as is explained by counsel below, the defense was timely raised, ███████████████ █████████████████████████████████████████████████ ███████████████████████████.

Attached to this motion is the Declaration of Steven M. Bauer, lead counsel for Telerik, showing that Telerik was diligent in identifying the license defense and bringing it to both the Court's and Typemock's attention, and that the defense was not withheld by counsel for any nefarious or tactical reason.

## II.   BACKGROUND

### A.   Procedural Background.

On October 31, 2017, Typemock served its amended infringement contentions, dropping previously asserted claims and including the claims now asserted in the case. █████████████ ████████████████████████████████████████. Indeed, in its opposition to the motion to amend Typemock argues that Microsoft ███████████████████████████ ██████████████████████████████████.

In March 2018, Telerik's counsel recognized that some of the software that had been alleged to infringe was in fact Microsoft software, █████████████████████████████.

███████████████████████████████████████████████████ Telerik's counsel put

Typemock on notice of this on April 9, 2018.

On April 12, 2018, Telerik filed a motion for leave to amend its answer to add the

"license" defense, as well as counterclaims for antitrust, inequitable conduct, and breach of

contract.  (Dkt. No. 54.)  The license defense had not been raised in the originally-filed answer,

because Telerik at that time had no knowledge that Typemock had confidentially entered into █

████████████████████████████████████████████████████

██████████████████████████████ (*See* Dkt. No. 56-1 (Ex 1

to Mtn. for Leave to Amend), ¶ 10; Exhibit 2 (the "Microsoft Agreement," "Agreement," or the

"Microsoft license") at §§ 3.1(b), (c).)

On April 19, 2018, *after* Telerik put Typemock on notice that it had become aware of the

license defense (and after the motion to amend had been filed), Typemock amended its

infringement contentions ████████████████████████████████ These

new infringement contentions, served *after* Telerik filed its motion to amend, are the operative

infringement contentions that give Telerik its license defense today.

On April 26, 2018, Typemock opposed Telerik's motion to amend.  *Any* reading of

Typemock's opposition, whether casual or careful, would have led the Court to believe that it

had no argument against adding the affirmative defense.  The only *issue* argued in Typemock's

opposition was whether Telerik could add *counterclaims*.  Indeed, the very first sentence of

Typemock's opposition said exactly that:

> Defendant Telerik . . . moves to amend its pleading to add a variety of
> *counterclaims*, leading with alleged inequitable conduct and
> monopolization[] . . . to divert all momentum and energy away from
> litigation on the merits.

(Dkt. No. 66 at 1.)

4

Indeed, when it got to the issue of the Microsoft Agreement in its opposition, Typemock titled the section "Telerik's Breach of Contract *Counterclaim* Fails . . . ." (Section 4).[2]  Notably, there was not one sentence in Typemock's *entire* opposition discussing the substance of the "license" defense, the burden or prejudice to Typemock of having to deal with the defense in this case, *or the fact that Typemock had amended its infringement contentions the week before filing its opposition,* ██████████████████████████████████████████████████████████████[3]

On May 2, 2018, the Court denied Telerik's motion to amend, before receiving a reply brief and without oral argument.  The Court stated that it was denying Telerik's motion because it did "not provide an explanation for the 6-month delay between having obtained, on October 2 and 3 of 2017, what it contends are the two key documents giving rise to its proposed *counterclaims,* and the filing of its motion to amend on April 12, 2018."  (Dkt. No. 69 (emphasis added).)  If there had been a reply or oral argument, Telerik would have explained that Typemock had served new infringement contentions the week before filing its opposition, and that the affirmative defense raised different issues (regarding timing, complexity, and litigation burden) than the counterclaims.

---

[2] Although the title of Typemock's Section 4 suggested (in a parenthetical) that the "license" affirmative defense would be addressed in that section "Telerik's Breach of Contract Counterclaim Fails ████████████████████████████████████████████████████ the four pages of argument that follow that heading were directed solely to the sufficiency of the allegations in the breach of contract *counterclaim* in Telerik's proposed amended complaint.  (*Id.* at 15.)

[3] Indeed, it would have made no sense for Typemock to argue in that section that the affirmative defense itself was inadequately pleaded, because affirmative defenses need not be pled in accordance with *Twombly/Iqbal*: "[N]o federal court of appeals, including the First Circuit, has held that *Iqbal* and *Twombly* apply to pleading affirmative defenses."  *Traincroft, Inc. v. Ins. Co. of Pa.*, No. 14-cv-10551-FDS, 2014 WL 2865907, at *3 (D. Mass. June 23, 2014).  *This* Court has found that "the designation of a listed defense [in Rule 8(c)] is sufficient notice to a plaintiff of its basic thrust.  *Kaufmann v. Prudential Ins. Co. of Am.*, No. 09-cv-10239-RGS, 2009 WL 2449872, at *1 (D. Mass. Aug. 9, 2009).

Telerik understands that the Court, having seen the 100 paragraphs relating to the counterclaims and having read Typemock's opposition objecting to the addition of "a variety of *counterclaims . . .* to divert all momentum and energy away from litigation on the merit," decided that it did not want to expand the scope or complexity of this case at this stage.  Telerik is *not* seeking reconsideration of the Court's decision denying entry of the counterclaims.

B.     Factual Background.

Almost a year after this case had been filed (and over six months after Telerik served its answer), on October 2, 2017, and before the parties had engaged in any other discovery, Typemock produced to Telerik's counsel ████████████████████████████████ ████████████████████████████████████████████ (*See* Bauer Decl. ¶ 6.)

At the time, the case had been at a standstill for nearly a year. ████████████████ ████████████████████████████████████████████ the parties had jointly filed *five* motions to defer the claim construction briefing schedule. (*See* Dkt. Nos. 38, 39, 42, 43, 44, 45, 47, 48, 49, 50.) ████████████████████ there had been no depositions or substantial document production.  (*See* Bauer Decl. ¶ 7.) ████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████ (*See* Exhibit 3.)  (*See also* Bauer Decl. ¶ 8–9.)

When the Microsoft agreement was produced in October 2017, Telerik would have had no reason to believe that it was relevant to the infringement case against Telerik, because: ████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

██████████████████████████████████████████████████████████ and
(3) Typemock's infringement contentions did not clearly call out that parts of its infringement allegations pointed to ████████████████████████████.

Only sometime around early March 2018, after the parties had become actively engaged in the merits of the case, did Telerik's counsel correlate ████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████ Once the issue was identified, Telerik's counsel needed time to confirm its understanding of the technology and contentions, research the implications ████ ████ and obtain client clearance to proceed. Each of those steps took time, and culminated in putting Typemock on notice on April 9, 2018, that Telerik had a license defense in this case. (*See* Bauer Decl. ¶ 9–10.)

In response to this notice, on April 19, 2018, Typemock amended its infringement contentions. Those amended contentions, although amended to hide the issue further, ████ ██████████████████████████████████████████████████ ████████████ (*See* Bauer Decl. ¶ 12.)

## III.   ARGUMENT

████████████████████████████████████████████████
████████████████████████████████ The delay from the production of the Microsoft Agreement in October 2017, was not unreasonable—the substantive part of the case had been

---

[4] ████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████



largely put on hold by both parties until late January 2018, ████████████████████████

████████ (Bauer Decl. ¶ 9–10.)  Telerik put Typemock on notice that it had become aware of the license

defense within approximately one month of identifying the defense, before *any* depositions had

yet been scheduled, before the Court had held any substantive hearings on the case, and the

parties were just beginning their production of documents.

There was no lack of diligence in identifying this defense, ██████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

A.    An Amendment To Add an Affirmative Defense Unknowable at the Time of
      Answer, But For Which the *Plaintiff* is on Notice, May be Filed at Any Time.

"The reason why affirmative defenses under Rule 8(c) must be pled in the answer is to

give the opposing party notice of the defense and a chance to develop evidence and offer

arguments to controvert the defense."  *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d

1222, 1226 (1st Cir. 1994).  Implicit in this statement is the fact that where the defendant "could

not have raised the defense in their answer," the relevant issue becomes whether plaintiff

thereafter received adequate notice of the defense and was "not prejudiced by the omission of the defense from the initial pleading." *Knapp Shoes, Inc.*, 15 F.3d at 1226.

Where a plaintiff "had adequate time to prepare and respond" to the affirmative defense because it was on notice of the defense even though not plead, *amendment of the answer is not even required. Boston Hides & Furs, Ltd. v. Sumitomo Bank, Ltd.*, 870 F. Supp. 1153, 1161 n.6 (D. Mass. 1994). Indeed, "[i]f the plaintiff receives notice of an affirmative defense other than through the pleadings, the defendants' failure to comply with Fed. R. Civ. P. 8(c) does not cause the plaintiff any prejudice." *Id.*[5]

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████

B.    Telerik's Amendment Seeking to Add the License Affirmative Defense Was Timely.

Even though under no legal obligation to amend its answer to add the affirmative defense, Telerik added the affirmative defense to the proposed amended answer when it sought to add antitrust, inequitable conduct, and breach of contract counterclaims, because it was a good opportunity to make the defense clear in the answer.

---

[5] The lone case cited in Typemock's opposition related to pleading affirmative defenses dealt with a motion to strike an "unclean hands" defense including allegations "unrelated to the events raised in [that] case." *Bryan Corp v. Chermwerth, Inc.*, No. 12-cv-10446, 2013 WL 6489785, at *3 (D. Mass. Dec. 9, 2013). Unclean hands is not an affirmative defense listed in Fed. R. Civ. P. 8(c). Because license *is* a listed defense, pleading the general nature of the defense is acceptable. *Kaufmann*, No. 09-cv-10239-RGS, 2009 WL 2449872, at *1, cited *supra* n.3. Nevertheless, in the proposed amended motion submitted herewith, Telerik provides additional factual background, giving additional context for a defense plainly related to this case.

In Typemock's opposition to Telerik's motion, Typemock argued all of the amendments were untimely, contending essentially that Telerik had "all the facts" it needed in October 2017. But, before Telerik could respond and show the court that it acted diligently and that the existence of the license defense was not nearly as obvious as Typemock represented, the Court denied Telerik's motion.  (Bauer Decl. at ¶ 11.)



It cannot be emphasized enough that the delay in ███████████████████████ ████████████████████████████████████████████████ did not arise from any lack of diligence. ████████████████████████████ ████████████████████████████████ And then, and the Court would not have known this from Typemock's opposition, when Typemock finally did serve its infringement contentions, ██████████████████████████████ █████████████████████[6]

---

[6] The Court also denied Telerik's motion before Telerik could point out that *all* of the cases Typemock relied on its opposition regarding timeliness of a motion to amend were cases where the court denied a *plaintiff's* motion to amend, where the amended pleading was based on information that the *plaintiff* had in its possession before the lawsuit was filed.  (Dkt. No. 66 at 3– 4, citing *D'Agostino v. ev3, Inc.*, 845 U.S. 1, 6 (1st Cir. 2016) (affirming denial of *plaintiff's* fourth motion to amend as futile for failure to adequately allege causes of action); *Cruz v. Bristol-Myers Squibb Co., PR, Inc.*, 699 F.3d 563, 569–70 (1st Cir. 2012) (affirming denial of *plaintiff's* motion to amend its complaint *two years* after filing, based on information that was in its possession the whole time; and affirming denial of second motion to amend because discovery had closed, and plaintiff had already filed *three other* amended complaints); *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (affirming denial of *plaintiff* relator's fourth attempt to amend complaint to cure deficiencies in pleading); *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) (denying *plaintiff's* amendment eleven months after deadline where added allegations were "based on information that Trans-Spec had or should have had from the outset of the case"); *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155–56 (1st Cir. 2004) (although *plaintiff* had agreed to amend within thirty days, it did not amend until over a year later); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11–14 & n.8 (1st Cir. 2004) (affirming denial of *plaintiff's* motion to amend where filed after the close of discovery and facts supporting contention sought to be added should have been known or investigated based on information accessible to *plaintiff* pre-suit).



(Excerpt from April 19, 2018 Amended Infringement Contentions, attached as Exhibit 4 (red boxed emphasis added).)  (*See* Bauer Decl. ¶ 11.)

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

In other words, because Typemock produced the Microsoft Agreement to counsel on an "outside attorneys' eyes only" basis, [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] (*See* Bauer Decl. ¶ 11, 13.)

Perhaps the best evidence that Telerik's counsel could not easily have noticed the license defense, is that in Typemock's opposition to Telerik's motion to amend, *Typemock* said that the fact that "Microsoft's .NET framework is mentioned nowhere in the Complaint" was evidence that it was *not* pointing to Microsoft products to show infringement.  (Dkt. No. 66 at 17 n.6.)

Typemock also said "an identical analysis also holds true for Typemock's Initial Claim Charts referenced in the Amended Answer."  (*Id.*) [7]

Perhaps most important, though, is that Typemock did not tell the Court in its opposition that it had served *second* amended infringement contentions on April 19, 2018, *after* Telerik filed its motion.  In those second amended contentions, Typemock deleted its reference to Microsoft's ".NET" software:

| 1.5 by introducing, prior to execution, code elements for runtime access of application points associated with the at least one coupled software component, | Telerik products utilize at least one form of the claimed "code elements," which are introduced ~~through the .NET profiler API~~by JustMock prior to execution. ~~To mock these things [static methods and classes, sealed classes, non virtual methods and properties and so on] JustMock uses the .NET Profiling API and~~ _JustMock "_behaves like a profiler ~~but instead of profiling the code it~~" and changes it~~the original code before the just-in-time compilation ~~and injects code~~, thereby injecting the "code elements" in the original code on- the-fly. http://www.telerik.com/forums/is-justmock-a-quot-profiler-quot In at least some Telerik embodiments, the "injected" code is inserted just before the original code of the coupled software component, e.g., the DateTime.Now call in the above example. |

(Redline of April 19, 2018 Amended Infringement Contentions over October 31, 2017 Amended Infringement Contentions, attached *as* Exhibit 5.)  (*See* Bauer Decl. ¶ 12.)

There is no reason for Telerik not to be allowed to respond to these *amended* contentions with any defense available to it—including its license defense, which has been timely raised in response to _these_ contentions.  These new amended allegations were made in April 2018, *after* notice of the license defense, and there can be no claim of prejudice or surprise, or untimeliness, in raising the license defense in response to these amended contentions.

---

[7] Typemock also argues that its infringement allegations do not rely on Microsoft products because "DateTime.Now" is "the object to be mocked" and "has not been alleged to provide a step or element in the claims."  (*Id.*)  *How can it be that Typemock says it was not, and is not, relying on Microsoft components, but then argues, Telerik **should** have known it was and raised the defense sooner?*

*If Typemock can amend its infringement contentions at this late date, Telerik must have the right to assert any defense available to it, in response.*

      C.      <u>The License Issue is Dispositive, and Appropriately Belongs in This Case.</u>

      While courts examine the diligence of the moving party in assessing whether good cause is shown to grant a motion to amend filed after a scheduling order deadline, "[p]rejudice to the opposing party remains relevant." *Columbia Data Prods., Inc. v. Autonomy Corp. Ltd.*, No. 11-cv-12077-NMG, 2013 WL 3326408, at *4 (D. Mass. June 28, 2013) (citing *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004). Telerik's diligence in discovery and raising the license defense is discussed in Section III.B, *supra*.

      Here, Typemock, in its opposition to Telerik's motion to amend, made *no argument whatsoever* regarding *any* prejudice it might suffer by the formal addition of the license defense at this time. ██████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████

████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████

      It is also important to *this* motion, but was unknown to the Court when it entered its order, that Typemock has already—*in response to the motion to amend to add the license defense*—amended its infringement contentions ████████████████████ so there can be no prejudice to it regarding the scope of its allegations or claim construction issues. Moreover,

Typemock now contends that it has produced all relevant documents, so there are no additional documents that it should need to produce.

The prejudice to Telerik would be severe if it were not permitted to rely on this case-dispositive defense.  It ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████

## IV.  CONCLUSION

For the foregoing reasons, Telerik respectfully requests that the Court grant its motion to amend its answer and counterclaims to assert only an affirmative defense of license.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Telerik respectfully asserts its belief that oral argument

may assist the Court in deciding whether the grant the relief requested in this motion.

Dated:  June 26, 2018                    Respectfully submitted,
                                         */s/ Steven M. Bauer*
                                         Steven M. Bauer (BBO # 542531)
                                         James R. Anderson (BBO # 693781)
                                         PROSKAUER ROSE LLP
                                         One International Place
                                         Boston, Massachusetts 02110-2600
                                         (617) 526-9600 *telephone*
                                         (617) 526-9899 *facsimile*
                                         sbauer@proskauer.com
                                         jaanderson@proskauer.com

                                         Attorneys for Telerik, Inc.

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Telerik attempted to meet and confer via email with counsel for the Plaintiff in an attempt to narrow or resolve the issues presented in this motion on June 11, 2018.  Counsel for the Plaintiffs indicated that they opposed the requested relief.

*/s/ Steven M. Bauer*
Steven M. Bauer

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing on June 26, 2018.

*/s/ Steven M. Bauer*
Steven M. Bauer

17