# Exhibit 1

—

# REDACTED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| Typemock, LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>Telerik, Inc.,<br><br>        Defendant. | Case No.: 1:17-cv-10274-RGS<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT TELERIK, INC.'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Telerik, Inc. ("Telerik") hereby answers Typemock, LTD's ("Typemock") Complaint for Patent Infringement ("Complaint") as follows, and Telerik denies each of Typemock's allegations, except as expressly set forth below.

### THE PARTIES

1. Telerik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 1 of the Complaint, and therefore, denies these allegations.

2. Telerik admits that it is a corporation organized under the laws of Delaware. Telerik admits that process may be served through its registered agent – Corporation Service Company d/b/a CSC-LAWYERS INCO, 211 E. 7th Street Suite 620, Austin, TX 78701. Except as expressly admitted, Telerik denies the allegations in ¶ 2 of the Complaint.

### JURISDICTION AND VENUE

3. Telerik admits that Typemock purports to bring an action for alleged patent infringement. Telerik admits that this Court has subject matter jurisdiction over claims for alleged patent

infringement. Telerik denies that it has committed acts of patent infringement. Except as expressly admitted, Telerik denies the allegations in ¶ 3 of the Complaint.

4. Telerik admits that this Court has personal jurisdiction over Telerik for the purposes of this action. Telerik denies that it has committed acts of patent infringement. Except as expressly admitted, Telerik denies the allegations of ¶ 4.

5. Telerik admits that venue is proper in the Western District of Texas and the District of Massachusetts. Telerik denies that the Western District of Texas is the most convenient venue and responds that the District of Massachusetts presents a far more convenient forum for this action. Except as expressly admitted, Telerik denies the allegations of ¶ 5.

### TELERIK'S PURPORTED COPYING OF TYPEMOCK ISOLATOR

6. Telerik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Complaint, and therefore, denies these allegations.

7. Telerik admits that it develops software tools and components for web, mobile and desktop platforms, as well as application development, reporting, and quality assurance. Telerik admits that JustMock is one of its products. Except as expressly admitted, Telerik denies the allegations of ¶ 7.

8. Telerik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Complaint, and therefore, denies these allegations.

9. Telerik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Complaint, and therefore, denies these allegations.

10. Telerik released one or more versions of JustMock. Except as expressly admitted, Telerik denies the allegations in ¶ 10 of the Complaint.

11. Denied

12. Denied

13. Telerik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 of the Complaint, and therefore, denies these allegations.

14. Telerik admits that Typemock sent a "Cease and Desist" letter dated November 4, 2016. Except as expressly admitted, Telerik denies the allegations in ¶ 14 of the Complaint.

15. Telerik admits that Typemock sent a "Cease and Desist" letter dated November 4, 2016. Except as expressly admitted, Telerik denies the allegations in ¶ 15 of the Complaint.

**COUNT I**

16. To the extent a response is required to the allegations of ¶ 16 of the Complaint, Telerik incorporates by reference its responses to the allegations in ¶¶ 1-15 of the Complaint. Any allegations of ¶¶ 1-15 of the Complaint not expressly admitted herein are denied.

17. Telerik admits that U.S. Patent No. 8,352,923 is entitled "Method and System For Isolating Software Components." Telerik admits that U.S. Patent No. 8,352,923 is dated January 8, 2013. Telerik is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 17 of the Complaint, and therefore, denies these allegations.

18. Telerik admits that it provides some of the information on the website: http://www.telerik.com/products/mocking.aspx. Telerik is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 18 of the Complaint, and therefore, denies these allegations.

19. Telerik is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 19 of the Complaint, and therefore, denies these allegations.

20.     Telerik is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 20 of the Complaint, and therefore, denies these allegations.

21.

```
[TestMethod]
public void ShouldMockDateTimeNowWithASimpleArrange()
{
    // Arrange
    Mock.Arrange(()=>DateTime.Now).Returns(new DateTime(2000, 2,

    // Act
    var actual = DateTime.Now;

    // Assert
    Assert.AreEqual(2000, actual.Year);
    Assert.AreEqual(2, actual.Month);
    Assert.AreEqual(20, actual.Day);
}
```

Telerik admits that the above example appears at http://www.telerik.com/products/mocking.aspx#elevated-mocking. Except as expressly admitted, Telerik denies the allegations in ¶ 21 of the Complaint.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

## COUNT II

30. To the extent a response is required to the allegations of ¶ 30 of the Complaint, Telerik incorporates by reference its responses to the allegations in ¶¶ 1-29 of the Complaint. Any allegations of ¶¶ 1-29 of the Complaint not expressly admitted herein are denied.

31. Telerik is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the Complaint, and therefore, denies these allegations..

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT III

40. To the extent a response is required to the allegations of ¶ 40 of the Complaint, Telerik incorporates by reference its responses to the allegations in ¶¶ 1-39 of the Complaint. Any allegations of ¶¶ 1-39 of the Complaint not expressly admitted herein are denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT IV

47. To the extent a response is required to the allegations of ¶ 47 of the Complaint, Telerik incorporates by reference its responses to the allegations in ¶¶ 1-46 of the Complaint. Any allegations of ¶¶ 1-46 of the Complaint not expressly admitted herein are denied.

48. Telerik admits that U.S. Patent No. 9,251,041 is entitled "Method and System For Isolating Software Components." Telerik admits that U.S. Patent No. 9,251,041 is dated February 2, 2016. Telerik is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 48 of the Complaint, and therefore, denies these allegations.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT V

57. To the extent a response is required to the allegations of ¶ 57 of the Complaint, Telerik incorporates by reference its responses to the allegations in ¶¶ 1-56 of the Complaint. Any allegations of ¶¶ 1-56 of the Complaint not expressly admitted herein are denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT VI

65. To the extent a response is required to the allegations of ¶ 65 of the Complaint, Telerik incorporates by reference its responses to the allegations in ¶¶ 1-64 of the Complaint. Any allegations of ¶¶ 1-64 of the Complaint not expressly admitted herein are denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT VII

72. To the extent a response is required to the allegations of ¶ 72 of the Complaint, Telerik incorporates by reference its responses to the allegations in ¶¶ 1-71 of the Complaint. Any allegations of ¶¶ 1-71 of the Complaint not expressly admitted herein are denied.

73. Denied.

74. Denied.

## PRAYER FOR RELIEF

75. Telerik denies that Typemock is entitled to any relief, including, but not limited to, ¶¶ A-F of Typemock's Prayer for Relief.

## DEMAND FOR JURY TRIAL

76. The allegations in ¶ 76 of the Complaint are legal statements to which no response is required.

## AFFIRMATIVE DEFENSES

Telerik asserts the following affirmative defenses and reserves its right to amend its Answer as additional information becomes available:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The claims of U.S. Patent Nos. 8,352,923 (the "'923 patent") and 9,951,041 (the "'041 patent") are invalid for failing to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

3. Telerik does not infringe and has not infringed either literally or under the doctrine of equivalents any valid and enforceable claim of the '923 patent and the '041 patent.

4. Telerik does not contribute to or induce others to infringe any valid and enforceable claim of the '923 patent and the '041 patent.

5. The claims of the '923 patent and the '041 patent are unenforceable on account of Typemock's misrepresentations of small entity status to the United States Patent and Trademark Office.

6. 35 U.S.C. § 287 limits Typemock's claims for damages and prayer for damages.

7. Typemock's alleged claims for relief for patent infringement are barred under the doctrine of prosecution history estoppel, and Typemock is estopped from claiming that the '923

patent and the '041 patent cover or include any accused Telerik method, system, apparatus, and/or product.

8. Typemock's claims are barred in whole or in part by the doctrines of estoppel and/or equitable estoppel.

9. Telerik's accused technology is licensed. █████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
█████████████████████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
█████████████████████████████████████████

| 1.4 at least one coupled software component which performs a given function | The "coupled software component" can be either a utilizing or utilized component that performs a given function. The JustMock product is specifically designed to test such components.<br><br>JustMock provides for unrestricted mocking of dependent objects, including non-virtual methods, sealed classes, static methods and classes, as well as non-public members and types<br><br>http://www.telerik.com/products/mocking.aspx#elevated-mocking<br><br>Example:<br><br>The following example demonstrates how to mock the DateTime.Now method to return the date April 12, 2010.<br>- C#<br>- VB<br><br>CopyC#<br>```
[TestMethod]
public void ShouldAssertCustomValueForDateTimeNow()
{
    // Arrange
    Mock.Arrange(() => DateTime.Now).Returns(new DateTime(1900, 4, 12));

    // Act
    var now = DateTime.Now;

    // Assert
    Assert.AreEqual(1900, now.Year);
    Assert.AreEqual(4, now.Month);
    Assert.AreEqual(12, now.Day);
}
```<br>Note that, you can now arrange the DateTime.Now without any pre-requisites.<br><br>http://www.telerik.com/help/justmock/advanced-usage-mscorlib-mocking.html<br><br>[REDACTED] |
|---|---|

*Excerpt from April 19, 2018 Amended Infringement Contentions (red boxed emphasis added)*

Prior to serving these amended contentions, Typemock served initial and first amended infringement contentions, [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

## COUNTERCLAIMS

For its counterclaims against Typemock, Telerik alleges as follows:

### NATURE OF ACTION

1. Telerik seeks a declaratory judgment that no valid and enforceable claim of the '923 patent and the '041 patent are, or have been, infringed by Telerik.

2. Telerik seeks a declaratory judgment that the '923 patent and the '041 patent are invalid for failure to comply with the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THE PARTIES

3. Telerik is a corporation formed under the laws of the state of Delaware, and maintains its corporate headquarters at 201 Jones Road, Waltham, MA 02451 USA.

4. Upon information and belief, based on Typemock's allegations in this action, Typemock is a company organized under the laws of Israel.

## JURISDICTION AND VENUE

5. These counterclaims arise under the Patent Laws of the Unites States, 35 U.S.C. §§ 101, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.

6. This court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7. Venue is proper in the United States District Court for the District of Massachusetts.

## FACTUAL BACKGROUND

8. In its Complaint, Typemock alleges that Telerik's JustMock product infringes claims of the '923 patent and the '041 patent.

9. Telerik denies that it has infringed a valid and enforceable claim of the '923 patent and the '041 patent.

10. The '923 patent and the '041 patent are invalid for failure to comply with the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNTERCLAIM – COUNT I DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '923 PATENT

11. Telerik incorporates by reference the allegations of ¶¶ 1-10 of these Counterclaims as if fully set forth herein.

12. Typemock filed suit against Telerik and has alleged in its Complaint that Telerik is infringing the '923 patent.

13. Telerik has reasonable apprehension that Typemock will continue to assert claims of infringement of the '923 patent against Telerik.

14. Telerik has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '923 patent.

15. Typemock's action in asserting that Telerik infringes the '923 patent have caused an actual and justiciable case or controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 regarding Telerik's non-infringement of the '923 patent.

16. Telerik is therefore entitled to a declaratory judgment that it has not and does not infringe the '923 patent.

## COUNTERCLAIM – COUNT II DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '041 PATENT

17. Telerik incorporates by reference the allegations of ¶¶ 1-10 of these Counterclaims as if fully set forth herein.

18. Typemock filed suit against Telerik and has alleged in its Complaint that Telerik is infringing the '041 patent.

19. Telerik has reasonable apprehension that Typemock will continue to assert claims of infringement of the '041 patent against Telerik.

20. Telerik has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '041 patent.

21. Typemock's action in asserting that Telerik infringes the '041 patent have caused an actual and justiciable case or controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 regarding Telerik's non-infringement of the '041 patent.

22. Telerik is therefore entitled to a declaratory judgment that it has not and does not infringe the '041 patent.

## COUNTERCLAIM – COUNT III DECLARATORY JUDGMENT OF INVALIDITY OF THE '923 PATENT

23. Telerik incorporates by reference the allegations of ¶¶ 1-10 of this Counterclaim as if fully set forth herein.

24. Typemock filed suit against Telerik and has alleged in its Complaint that Telerik is infringing the '923 patent.

25. The '923 patent is invalid for failure to comply with the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

26. Typemock's action in asserting that Telerik infringes the '923 patent have caused an actual and justiciable case or controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 regarding the validity of the '923 patent.

27. Telerik is therefore entitled to a declaratory judgment that the '923 patent is invalid.

## COUNTERCLAIM – COUNT IV DECLARATORY JUDGMENT OF INVALIDITY OF THE '041 PATENT

28. Telerik incorporates by reference the allegations of ¶¶ 1-10 of this Counterclaim as if fully set forth herein.

29. Typemock filed suit against Telerik and has alleged in its Complaint that Telerik is infringing the '041 patent.

30. The '041 patent is invalid for failure to comply with the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

31. Typemock's action in asserting that Telerik infringes the '041 patent have caused an actual and justiciable case or controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 regarding the validity of the '041 patent.

32. Telerik is therefore entitled to a declaratory judgment that the '041 patent is invalid.

## RELIEF REQUESTED

Telerik prays for relief as follows:

A. Dismiss with prejudice Typemock's claims against Telerik;

B. Deny Typemock's request for damages, costs, expenses, attorneys' fees and interest;

C. Enter Judgment in favor of Telerik against Typemock;

D. Declare that Telerik and its products and services have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '923 patent and the '041 patent, willfully or otherwise;

E. Declare that the claims of the '923 patent and the '041 patent are invalid;

F. Declare this case to be exceptional pursuant to 35 U.S.C. § 285 and award to Telerik its attorneys' fees and costs incurred in connection with this action; and

G. Grant Telerik other and further equitable relief or legal relief as the Court deems just and proper.

Dated: DRAFT                                Respectfully submitted,

/s/ DRAFT
Steven M. Bauer (BBO # 542531)
John M. Kitchura, Jr. (BBO # 681542)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110-2600
(617) 526-9600 *telephone*
(617) 526-9899 *facsimile*
sbauer@proskauer.com
jkitchura@proskauer.com

Attorneys for Telerik, Inc.

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this XX day of June, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ DRAFT
Steven M. Bauer