# Exhibit 3

—

# REDACTED



Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

January 19, 2018

<u>Via Email</u>

Steven M. Bauer
Member of the Firm
d +1.617.526.9700
f 617.526.9899
sbauer@proskauer.com
www.proskauer.com

Ronald Abramson, Esq.
Lewis Baach Kaufmann Middlemiss PLLC
405 Lexington Avenue, 62nd Floor
New York, New York   10174

    Re:    *Typemock, Ltd. v. Telerik Inc.*

Dear Ron:

With the holidays now behind us, and given the magnitude of Typemock's settlement demand, it appears that we both now need to prepare this case for trial. Telerik is no longer willing to simply delay this case.

*First*, regarding claim construction, you may be aware that the District of Massachusetts is promulgating new local patent rules. We suggest that, at least with respect to claim construction, we agree to comply with these rules starting now, since they are likely to come into force in the near future. Most importantly, they set a time frame for meeting and conferring to try to resolve any differences. In this regard, we suggest we have such a meeting on Monday, January 22, 2018.

In addition, we note that you have yet to produce documents that fall within the scope of Telerik's discovery requests that would be relevant to the claim construction process, including, without limitation, inventor notebooks, invention disclosures, non-privileged documents concerning prosecution of the patents-in-suit, and any agreements between Mr. Lopian and Typemock. We need that discovery immediately, because it is relevant to the claim construction briefing. You also previously agreed to make Mr. Lopian available for deposition here in Boston on claim construction issues. Please provide dates, before opening claim construction briefing, for his deposition.

*Second*, regarding discovery, as your interrogatory responses make clear, Typemock's patents contain claims that are invalid because Typemock sold commercial embodiments of those claimed invention, more than one year before the earliest priority date to which it could be entitled. We now have the right to determine the extent of those invalidating sales, and whether the remaining claims are also invalid for being on-sale, or at least obvious variants of what was on sale.

Significant discovery remains outstanding on the on-sale bar issue. For instance, you previously agreed, during a September 11, 2017 meet and confer, to provide by September 20, 2017, documents and things related to Typemock's prior software version, including without limitation:

- files and license keys for versions 1.x-3.0 Beta;
- all issued software licenses for versions 1.x-3.0 Beta;
- identification of all users of versions 1.x-3.0 Beta;
- all records related to testing and experimentation of versions 1.x-3.0 Beta;
- any NDAs or testing agreements;
- documents and emails re: offers for sale of versions 1.x-3.0 Beta, including for the UK and US sales referenced in your response; and
- the website showing 'Buy' links (and all related pages).

Despite your commitment to produce these documents, Typemock has failed to produce any of the requested information to date, with the exception of a single license agreement document.



Typemock's interrogatory responses also show that the purported "experimental use" defense is untenable. In view of those answers, however, we again ask that Typemock produce all documents relating to its alleged "experimental use" defense, as well as documents and things reflecting revenues, costs, and profits associated with each of its products, all responsive to at least Typemock's Requests for Documents No. 14 and 3, respectively.

We need an immediate commitment from you as to when Typemock will begin producing these documents, and, given your unreasonable delays and missed commitments so far, a proposed "substantial completion" date. In addition, we ask that you agree to defer the *Markman* briefing in order to adjust to a schedule that aligns with the newly-promulgated local patent rules. We suggest that timeline begin with the meet and confer on Monday of next week, which would result in Opening Claim Construction briefs due 21 days later (on Monday, February 12) and Responsive briefs due 45 days after that (on Thursday, March 29).

Finally, in view of the significant on-sale bar issues, Telerik intends to move the Court to phase discovery and summary judgment practice to address that issue first, as it is likely to significantly streamline the issues in this case. We will want to discuss this phasing at the upcoming meet and confer, as well.

Does Monday, January 22 at 2 p.m. ET work for you?

Sincerely,

Steven M. Bauer